## KIRSCHMAN v. THOMAS CUSACK CO.

---

(February 25, 1929. Opinion and Decree.)
(March 19, 1929. Rehearing Refused.)

---

Feitel and Feitel, and N. H. Polmer, of New Orleans, attorneys for plaintiff, appellee.

Lemle, Moreno and Lemie, of New Orleans, attorneys for defendant, appellant.

JONES, J.   Plaintiff sues for $1,235.00, amount claimed to be due for rental of the roof and wall of a building for signboards, at the rate of $65.00 per month from October 13, 1924, through May 13, 1926. Although the suit was brought in March, 1925, it was alleged that the rent for the succeeding months through May 13, 1926, had been matured by reason of the failure of lessee to pay rent for four months beginning November 13, 1924, and ending March 13, 1925.

Defendant answered, admitting the lease as alleged, but averring cancellation thereof after due notice as allowed by the contract.

On the trial of the case the plaintiff admitted that the leased property had been sold by him on January 28, 1926, and that he was not entitled to any rental after that date. The trial court rendered judgment for plaintiff for the rent due up to January 28, 1926.

The record shows the following facts:

"On May 13, 1921, the Thomas Cusack Company leased from the Misses Green, who later transferred their rights to the plaintiff in this case, the following described property:

"Entire roof and N. W. Wall of 1618 Canal St. between S. Clairbone & S. Robertson St., with the right of ingress to and egress from the same, for the purpose of erecting and maintaining advertising signs, sign boards, bulletin boards thereon, from the 13th day of May, 1921, to the 13th day of May, 1926.

"Paragraph 7 of the lease reads in part as follows:

"In case the view of the premises shall become obstructed the lessee may terminate this lease upon giving the lessor ten days' notice in writing, and the lessor shall refund, pro rata, any rent paid in advance."

The building, the roof and wall of which were thus leased, fronted on Canal Street, and was situated at some distance from the intersection of that street with Claiborne Avenue. There was a vacant lot between the building and the corner, so that the view of the building was entirely unobstructed.

Defendant erected a Wrigley chewing gum sign on the roof of the building which was leased to it, but it did not place any sign on the side wall, though it did place several ground signs across the vacant lot adjacent to the building. In the early fall of 1924, a one-story building, which clearly obstructed the view of a part

of the northwestern wall, was erected upon the vacant lot. This obstruction is clearly shown by the photographs and is testified to by all parties in the suit, though there is a dispute as to the extent of the obstruction.

The defendant on September 15, wrote to the plaintiff, by registered mail, as follows:

"We regret very much that it will be necessary for us to cancel our lease on the building situated at 1618 Canal Street between South Claiborne and South Robertson Streets, purchased by you from Emily C. Green, Carrie F. Green and Mary E. Green, for which we have signed contract dated May 13th, 1921, signed by Emily C. Green, Carrie F. Green and Mary E. Green of this City, which states in paragraph 7th that we have the right in case the premises shall become obstructed, (which is being obstructed now by the building just recently erected at the corner of Claiborne and Canal Streets by B. G. Carbajal, Inc.), to cancel this lease by giving ten days notice."

Defendant's representative then called on the plaintiff and tried to work out with him some agreement by which the Thomas Cusack Company would continue with the lease at a lower rental, because the value of the property as an advertising site had greatly diminished. Nothing came of this and the matter was then discussed by both sides, as will appear from copies of letters which were introduced.

As the parties could come to no agreement, defendant in March, 1925, took down the Wrigley sign, and this suit was filed.

Plaintiff argues that the Wrigley sign was the only sign placed on the wall and since it could be seen above the roof of the new building, defendant was not injured, and was not entitled to rescind the lease.

The parties had agreed that if the view of the premises should become obstructed, the lessee could terminate the lease. The "premises" clearly means the property leased, which is expressly described as the "entire roof and N. W. wall." Therefore, if the view of any part of the leased premises was obstructed the defendant was clearly entitled to assert its privilege of rescinding the lease. The defendant had reserved the right to cancel if the view of either the roof or the wall was obstructed, and if it desired a cancellation because it felt that the obstruction of the view of the wall depreciated the value of the premises as an advertising site, it was entitled of right thereto.

When the parties have entered into a contract, the courts will enforce it as written, provided there is nothing contained therein contrary to public policy or reprobated by law.

McWilliams vs. Flanagan, Orl. App. No. 7586.

Perkins vs. Meeker Sugar Refining Co., 163 La. 227, 111 So. 686.

Bank of Napoleonville vs. Knobloch & Rainold, 144 La. 100, 80 So. 214.

Fletcher vs. Boettner & Brauning, 2 Orl. App. 398.

Wambsgans vs. Cusimano, 11 Orl. App. 307.

Linehan Ry. Transfer Co. vs. N. O. & N. W. R. Co., 107 La. 645, 31 So. 1026.

For above reasons the judgment is reversed, and it is now ordered that this suit be dismissed.