PONDER, Justice.
The Collector of Revenue, State of Louisiana, appeals from a judgment of the civil district court issuing a preliminary injunction restraining the Collector from withholding the issuance of a Retail Beer Permit to Mrs. Darlene Roksvaag, under the provisions of Title 26 of the LSA-Revised Statutes, and declaring unconstitutional Section 304 of Title 26 of the LSA-Revised Statutes.
The plaintiff herein applied to the Collector of Revenue for the issuance of a 1958 Retail Beer Outlet Permit. Plaintiff was informed, by letter on March 7, 1958, that her application for a beer permit would be withheld and denied. On March 17, 1958 plaintiff filed a petition in the Civil District Court for the Parish of Orleans praying for a temporary restraining order and preliminary injunction on the ground:
“That your petitioner is and has been operating her place of business as a bar room, and that if prevented, pending the outcome of this litigation from selling beer, she would suffer irreparable injury, as it would in fact all but *1097 force her to close her doors because of the resultant loss of patronage of those who frequent her establishment for the purpose of purchasing beer. That your petitioner is entitled to enjoin the Collector from so preventing her from selling beer despite any verbiage in [LSA-] R.S. 26:304 to the contrary, same being unconstitutional if it is interpreted as applying to the instant case.”
Upon plaintiff furnishing bond, the court issued a temporary restraining order and a rule to show cause why the preliminary injunction prayed for should not be granted. On March 21, 1958 the Collector filed a motion to dissolve the temporary restraining order on the ground that such writ is expressly prohibited by LSA-R.S. 26:304; that this provision does not contravene the Court’s constitutional authority because the writ is not issued in aid of the Court’s jurisdiction. It is set out in the motion to dissolve that the issuance of the writ by the Court amounts to a mandamus issued to the Collector requiring him to permit the sale of beer without first giving the Collector a hearing and opportunity to show that his action in denying plaintiff’s permit is correct and justified under the law. Further it is alleged in the motion to dissolve that the plaintiff is not entitled to a restraining order since plaintiff has no inherent right to engage in the business of selling alcoholic beverages nor will she suffer irreparable injury by virtue of the closing of her business because the only loss will be, at most, a monetary loss which of its nature is reparable.
The hearing of the rule to show cause on the preliminary injunction was held at the same time as the hearing on the motion to dissolve filed by the Collector and after the introduction of evidence and the taking of testimony the trial court issued a preliminary writ of injunction upon the plaintiff furnishing bond. (Defendant applied to this Court for writs which were denied.) The defendant asked for and was denied a suspensive appeal. Whereupon defendant appealed devolutively to this Court.
Appellant contends that the district court, under the provisions of LSA-R.S. 26 :304, is denied the power to issue a restraining order or injunction prohibiting the Collector of Revenue from enforcing the provisions of Title 26, known as the Alcoholic Beverage Control Law. Appellant also contends that the Collector is entitled in the present case, as a matter of right, to a suspensive appeal under the express provisions of LSA-R.S. 13 :4431. This last contention is admitted to be moot since the case is now before this Court on appeal.
It is the contention of appellee that the provisions of LSA-R.S. 26:304 prohibiting the district courts from issuing restraining orders or injunctions in matters pertaining to the issuance of beer permits by the state is unconstitutional since it is in con *1099 travention of Article 7, Section 2 of the Louisiana Constitution, LSA-R.S. which •empowers the courts, in aid of their respective jurisdictions, to issue any and all needful writs, orders and process. In support of her contention, appellee cites and .relies upon the following cases: Schwegmann Bros. v. Louisiana Board of Alcoholic Beverage Control, 216 La. 148, 43 So.2d 248, 14 A.L.R.2d 680; Twiggs v. Journeymen Barbers, etc., La.App., 58 So.2d 298; Douglas Public Service Corp. v. Gaspard, 225 La. 972, 74 So.2d 182; Godchaux Sugars, Inc. v. Chaisson, 227 La. 146, 78 So.2d 673; Arkansas Oak Flooring Co. v. United Mine Workers of America, 227 La. 1109, 81 So.2d 413. Appellee urges the strong similarity, if not the identicalism, of the unconstitutional statutes involved in the cited cases.
LSA-R.S. 26:304 provides:
“In cases involving the withholding, suspending, or revoking of a permit under the provisions of this Part, the courts of this state have no jurisdiction to interfere in any manner or to issue restraining orders and writs of injunction restraining the collector, the local authorities, or the board from proceeding under the provisions of this Part. The action of the collector, the 'local authorities, or the board in such cases shall not be enjoined or superseded by any court nor suspended or stayed during the pendency of appeals to the courts.”
It is provided in Article 7, Section 2 of the Constitution of Louisiana that district judges of the state including judges of the civil and Criminal District Courts of the Parish of Orleans, may in aid of their respective jurisdictions issue all needful writs, orders and process.
It is obvious from a reading of the above that the provisions of the revised statutes are diametrically opposed to and contravene the provisions of the constitution.
This Court said in Schwegmann Bros. v. Louisiana Board of Alcoholic Beverage Control, 216 La. 148, 163, 43 So.2d 248, 253, 14 A.L.R.2d 680 (In regard to the contention that there is no property or inherent right in the right to sell alcohol):
“Our appreciation of the law is that even though a state has the authority to grant or deny a privilege subject to conditions, which a person is free to accept or reject, its power in that respect is not unlimited. It may not through an abuse of its police power impose conditions which require the relinquishment of constitutional rights. And this limitation applies to the liquor traffic, notwithstanding that the state has the right to suppress it entirely or may, in *1101 curbing the attendant evils, impose regulations on it more stringent than on other businesses. When the liquor traffic is lawful, as it now is, all regulations provided therefor must be pursuant to a legitimate exercise of the state’s police power, which includes the respecting of constitutional guaranties ” Citing State ex rel. Galle v. City of New Orleans, 113 La. 371, 36 So. 999, 67 L.R.A. 70, 2 Ann. Cas. 92.
In the case of Twiggs v. Journeymen Barbers, etc., La.App., 58 So.2d 298, 301, certiorari denied July 3, 1952, the district court had issued a preliminary injunction and it was there argued that under the provisions of LSA-R.S. 23:841 and 844 injunction by the courts was prohibited. In the course of the opinion the court stated:
“However, in the State of Louisiana the jurisdiction of our judicial tribunals flows from constitutional grants, and not from an act or action of the Legislature. See Succession of Dyer, 184 La. 251, 166 So. 68.
“The general jurisdiction of the Civil District Court for the Parish of Orleans is conferred by Art. 7, § 35 and § 81 of the Constitution of 1921. But, in addition to the powers conferred upon the court in those sections, judges of the Civil District Court for the Parish of Orleans, by virtue of the power emanating from Art. 7, § 2, of the Constitution, ‘ * * may also in aid of their respective jurisdictions ,* * * issue writs of mandamus, certiorari, prohibition, quo warranto, and all other needful writs, orders and process, * * *.’
* * ■%. * * *
“While LSA-R.S. 23:841 and 844 provide that picketing, unaccompanied by intimidation or coercion, or by any other method not involving fraud, violence, breach of the peace, or threat thereof, is not to be enjoined, either by restraining order or temporary or permanent injunction, by any courts of this state, such legislation cannot deprive a judge of a district court of this state from issuing a preliminary injunction in aid of his jurisdiction, whether in a labor dispute or in any other action, as authorized by Art. 7, § 2, of the 1921 Constitution. The powers granted to the trial judge by the Constitution must take precedence over any provisions of any sort of legislation which runs counter thereto, whether such legislation pertains to capital, labor, or any other subject.”
Again this Court in the case of Douglas Public Service Corporation v. Gaspard, 225 La. 972, 986, 74 So.2d 182, 187, stated (in regard to identical issues) : “However, any act of the legislature, whether procedural *1103 or substantive, that infringes or trenches upon the constitutional prerogatives of the courts, cannot stand.” This same principle was followed and enunciated in the case of Godchaux Sugars, Inc. v. Chaisson, 227 La. 146, 78 So.2d 673.
It therefore necessarily follows that Section 304 of LSA-Revised Statutes Title 26 is unconstitutional being in contravention of Article 7, Section 2 of the Constitution of Louisiana. Hence the judgment of the district court must be affirmed.
For the reasons assigned, the judgment is affirmed. All legal costs to be paid by defendant-appellant.
HAWTHORNE and McCALEB, JJ., dissented.