EARL EDWARDS, Judge ad hoc.
The Plaintiff-appellant, Mrs. Mary Sergi, widow of Ebbe Karlsson, was denied the renewal of her retail liquor permit or license for the calendar year 1961, by the governing authorities of the City of New Orleans. She operated a retail liquor bar at 1135 Decatur Street, known as the Blue Crystal Bar, for several years prior to that time. As a result of the action by the City of New Orleans, her State permit was not issued; this permit was withheld by the State Office pursuant to Louisiana Revised Statutes Annotated, Title 26, Section 85, subd. (A).
Appellant requested a hearing on this denial of her permit before the City Officials, and pursuant to her request, a hearing was held on December 30, 1960. The Director of Finance for the City of New Orleans, Mr. Robert E. Dev elle, after a consideration of the case, appellant being in attendance, upheld the previous ruling of the City Officials in denying to her, her retail liquor permit.
*660 Appellant then applied by petition to the Civil District Court of the City of New Orleans, for a review of the decision of the administrative officers of the City of New Orleans. She prayed for a Writ of Certiorari, directed to the Bureau of Revenue for the City of New Orleans, the Department of Revenue of the State of Louisiana and the Board of Alcoholic Beverage Control for the State of Louisiana, so that the legality of the proceedings therefore had could be reviewed by the Court and she affirmatively prayed that she be granted her retail liquor license. The writ prayed for, issued on January 10, 1961.
The Board of Alcoholic Beverage Control filed a general denial to plaintiff’s petition and alleged that the City Administrators had acted properly and had sufficient cause to deny the permit to plaintiff. The Director of Finance of the City of New Orleans filed a peremptory Exception to the petition of plaintiff-appellant, based upon the legal proposition that her only remedy was to appeal under LSA-R.S. 26:104 and 26:302, and there was no provision in law for a certiorari by the District Court to the administrative officials of the City. The Director of Finance also made a motion to dissolve the Writ of Cer-tiorari that had previously issued. While the record is not clear, it appears that the exception and motion to dissolve were overruled by the District Court, which apparently held that under its supervisory powers in Article 7, Section 2 of the Louisiana Constitution, LSA, it could issue the Writ. (Roksvaag v. James S. Reily, Collector of Revenue, State of Louisiana, 237 La. 1094, 113 So.2d 285). The Director of Finance then filed an answer and a recon-ventional demand, and affirmatively asked that a hearing be held “de Novo” before the District Court as provided by law. This answer reiterated the same causes previously set forth by the City as a reason to deny her liquor permit; in addition, there were alleged new and additional causes for denial of the permit, among which it was alleged that plaintiff-appellant had falsely represented in her application for her permit, that she owned the premises known as the Blue Crystal Bar, when in fact she did not, and merely rented same. That she had never given the true facts relative to her non-ownership of the property. The matter was fixed for trial on its merits and “de Novo”, as provided by law, before Judge Clarence Dowling, on March 27, 1961.
After a consideration of all the evidence, on the trial de novo, the District Judge below, on October 31, 1961, rendered judgment against plaintiff-appellant, dismissing her suit, at her costs. She prosecutes an appeal to this Court, from that decision.
In argument, before this Court, on July 16, 1962, it was pointed out that this case involved the issuance of a 1961 permit, that the question was perhaps moot since January 1, 1962. Counsel for appellant answered that the decree denying her permit, if it stands, could, under the law be a ground for denial of a permit to her in the future. The Court, on that assertion or argument, considered the case upon its merits.
It should be pointed out, however, that the only clauses or parts of the Statutes applicable to the above argument appears in LSA-R.S. 26:79 and 279 in the qualifications for liquor permits. This reads as follows:
“Has not had a license or permit to sell or deal in alcoholic beverages — revoked within one (1) or five (5) years prior to the application.”
The above would seem to be in the nature of a penalty. It would be strictly construed. Inasmuch as this case before the Court is not one involving the “revoking” of a permit, but rather a denial of an application for renewal, the judgment of the lower Court in this case would not be prejudicial to appellant in a new application, provided she was otherwise qualified. The causes for revoking and denial of permits, as well as the procedures in *661 volved are different and distinct under the laws. So, in this Court’s mind, a decision of this cause, at this late time, is probably moot.
However, in an effort to dispose of this matter finally and upon its merits, this court will attempt to adjudicate the case upon its merits. The initial charges by the City of New Orleans as set out in letter of December S, 1960, were all matters which would have been grounds for revocation or suspension of a permit, rather than denial of her application for one, (LSA-R.S. 26:88 & 285). However, on appeal to the District Court, the matter comes up de Novo, and before that Court, the City made charges against the appellant, which would be cause to deny her application for a permit. (LSA-R.S. 26:79 & 279). This Court did not have the benefit of the City Code of New Orleans as to necessary qualifications of applicants; but her good character and reputation were challenged in the District Court; additionally, her misrepresentation as to ownership of the premises in her application is made an issue. When this latter point was raised in the District Court before the trial de Novo, appellant could have shown a bona fide written lease, as required in the Statute, where the premises are non-owned.
Instead, she relied upon the strained construction that the business or stock of the Blue Crystal Bar was what she intended in her statement of ownership. This was argued by her counsel before this Court, and even in his brief; there is cited to the Court, the case of Kirschman v. Thomas Cusack, 10 La.App. 366, 120 So. 720, as holding that premises can mean property leased. The answer to this argument is that she could, even as lessee, obtain a permit; hut a bona fide written lease would be necessary. Apparently there was no written lease here, and admittedly the premises in this case were leased by her and not owned. There was evidence adduced, challenging appellant’s good character and reputation. There was a great deal of evidence introduced, relative to the employment of, or working of prostitutes in her bar. The trial Judge heard and saw the witnesses, including the plaintiff, herself. He had the opportunity to weigh the evidence and give proper creditability to the many witnesses who testified. We have read the evidence carefully and we do not feel that the trial Judge erred in resolving this case against the plaintiff-appellant, we see no manifest error and feel that his judgment is supported by the evidence. Accordingly we affirm the decision of the trial Judge at appellant’s costs.
Affirmed.