590 So.2d 1272 (1991)
P & G RETAILERS, INC. d/b/a Rainbow Market
v.
J. Marcus WRIGHT, et al.
P & G RETAILERS, INC. d/b/a Rainbow Market
v.
J. Marcus WRIGHT, et al.
Nos. CA 901647, CA 901646.
Court of Appeal of Louisiana, First Circuit.
November 22, 1991.
Rehearing Denied January 22, 1992.
*1273 Dennis R. Whalen, Baton Rouge, for plaintiff-appellant P & G Retailers, Inc., d/b/a Rainbow Markets.
W. Michael Stemmans, Baton Rouge, for defendant-appellee J. Marcus Wright.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
These consolidated actions are (1) a suit for a temporary restraining order and preliminary and permanent injunctions and (2) a suit for judicial review of the adjudication of an administrative board.

FACTS
Harvey E. Patty and Richard P. Gideon, III are the stockholders of a domestic corporation named P & G Retailers, Inc. (P & G). P & G operates a business named the Rainbow Market located at 1443 Gardere Lane in East Baton Rouge Parish, Louisiana. The Rainbow Market sells, among other things, alcoholic beverages of low and high alcoholic content pursuant to Louisiana State Class B permits and permits issued by the Alcoholic Beverage Control Board of the Parish of East Baton Rouge and the City of Baton Rouge (ABC Board).
On February 13, 1990, the ABC Board cited P & G for unlawful sale of an alcoholic beverage to a minor on January 30, 1990, in violation of Section 13:91 of the Parish of East Baton Rouge and City of Baton Rouge (City-Parish) Code of Ordinances. The ABC Board held a hearing on this charge on March 1, 1990, and Patty and Gideon were present. Patty was advised that "You have the option ... to request a formal hearing or you can concede to that violation", and he responded that "I have no data that I did; so I will go ahead and concede that I did sell it to a minor." The ABC Board considered a similar prior offense for which P & G received a warning and voted to suspend P & G's licenses for the 30 day period beginning March 2, 1990, and ending April 1, 1990.

PROCEDURAL FACTS
On March 2, 1990, P & G filed a suit against the ABC Board for a temporary restraining order and for preliminary and permanent injunctions to stop the execution of the ABC Board's sanction. The trial court issued a temporary restraining order. A hearing on the motion for a preliminary injunction was held on March 12, 1990.
On March 15, 1990, P & G filed its suit for judicial review of the adjudication of the ABC Board. P & G sought a suspensive appeal, but it was granted a devolutive appeal.
On March 29, 1990, the trial court rendered a judgment that recalled the temporary restraining order and denied the preliminary injunction.
On April 17, 1990, the trial court issued orders that (1) consolidated the injunction and judicial review suits, (2) stayed the execution of the ABC Board adjudication, and (3) ordered a hearing on whether the judicial review would be by a trial de novo pursuant to La.R.S. 33:4788[1] or by a review of the ABC Board record pursuant to Section 1:153 of the City-Parish Code of Ordinances. On May 11, 1990, the trial court ruled that the judicial review would be on the record in accordance with Section 1:153.
On May 25, 1990, the trial court heard oral arguments in the judicial review case, and on June 6, 1990, rendered judgment *1274 that affirmed the ABC Board decision and vacated the stay order.
On June 8, 1990, P & G filed a motion for a suspensive appeal that was granted.
On August 5, 1990, the trial court rendered a judgment that denied P & G's request for a permanent injunction and dismissed the injunction suit.

P & G'S RIGHT TO A TRIAL DE NOVO ON APPEAL

(Assignments of error 2 and 3)
La.R.S. 33:4788 provides as follows:
The holder of the permit who is aggrieved by a decision of the governing body of the municipality or parish or a municipal alcoholic beverage control board to suspend or revoke his permit, may within ten days of the notification of the decision take a devolutive appeal to the district court having jurisdiction of his place of business and on such appeal the trial shall be de novo. Within ten calendar days from the signing of the judgment by the district court the municipality or parish governing authority, a municipal alcoholic beverage control board or the holder of the permit, as the case may be, may devolutively appeal from the judgment of the district court to the court of appeals as in ordinary civil cases.
(Emphasis added).
Section 1:153 of the City-Parish Code of Ordinances provides as follows:
Any applicant, permit holder, licensee or his agent, employee or servant who is aggrieved by a decision of the alcoholic beverage control board shall have the right to appeal the decision of the board. All appeals from decisions of the board shall be directly to the Nineteenth Judicial District Court and shall be devolutive appeals. There shall be no suspensive appeal from a decision of the board. Any appeal to the district court shall be taken within ten (10) days of receiving written notice provided for in section 1:150. Upon lodging of an appeal by an applicant, permit holder, licensee or his agent, employee or servant, the director shall have prepared a transcript of the proceedings of the board appealed from; and the transcript shall be forwarded to the district court. The court shall determine the appeal in a summary manner. The hearing shall be confined to the determination of whether the decision of the board was made in good faith, and for cause under the provisions of this part. If the decision of the board is not overturned by the courts of the state, the costs of preparation of the transcript by the board shall be payable by those appealing the decision of the board; otherwise such costs shall be assessed to the board. The decision of the board shall be final unless appealed within the time and in the manner set forth. (Emphasis added).
P & G asserts the trial court erred by denying it a trial de novo as provided for in La.R.S. 33:4788. P & G contends Section 1:153 is unconstitutional because (1) it conflicts with La.R.S. 33:4788, an act of the legislature; and (2) the City-Parish ordinance can not limit the jurisdiction of the district court. P & G cites La. Const. 1974, art. V, § 16(B) and Roksvaag v. Reily, 237 La. 1094, 113 So.2d 285 (1959) as authority.[2]
The ABC Board asserts that the "City-Parish's authority to regulate intoxicating beverages originates from the original grants of authority vested in the City's home rule charter of 1898 and incorporated in the Plan of Government of 1949 and was ratified by the Constitution of 1974." By implication, the ABC Board argues that its power to regulate intoxicating beverages includes the power to prescribe and define the procedures that must be used by the district court in hearing an "appeal" from the ABC Board. The ABC Board cites as authority, La. Const. of 1974, art. VI, §§ 4 and 6 and art. XIV, § 18 and Peek v. Alcohol *1275 Beverage Control Board, 434 So.2d 1266 (La.App. 1st Cir.1983).[3]
The following are the constitutional provisions that are pertinent for determining whether the City-Parish has the authority to prescribe the procedures to be used by the district court in performing a judicial review of an ABC Board decision. La. Const. of 1974, art. VI, § 4 provides as follows:
Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
(Emphasis added)
La. Const. of 1974, art. VI, § 25 provides as follows:

Notwithstanding any provision of this Article, courts and their officers may be established or affected only as provided in Article V of this constitution.

La. Const. of 1974, art. VI, § 25 was placed in the constitution via a floor amendment sponsored by Delegates Dennis and Tate. Vol. I, Records of the Louisiana Constitutional Convention of 1973: Journal of Proceedings, pp. 517-518 (September 22, 1973). The transcript of the floor action shows the following:
Amendment

Mr. Poynter Delegates Tate and Dennis send up amendments ... Dennis and Tate, in that order.
Amendment No. 1, on page 5, between lines 13 and 14, add the following: "(H). Notwithstanding any provision of this Article to the contrary, the courts and their officers may be established or affected only as provided in Article V of this constitution."
Explanation

Mr. Dennis Mr. Chairman, fellow delegates, this is the amendment I mentioned earlier, and the reason I'm offering this is as follows: First of all, in the Judiciary Article, we vested the judicial power of the state in the Supreme Court, the court of appeal and the district courts and such other courts as are authorized by this constitution. Now, here in the Local Government Article we're authorizing local government subdivisions. Now, the question is, does that include courts or not. The article doesn't say. I'm afraid that the popular conception is that a city court or a parish court is part of the parish or city government rather than the state government. If this is so, then a local government charter could create any number of different kinds of courts other than those that we envisioned in the Judiciary Article, because in the Judiciary Article we said you can have other courts authorized by this constitution. So, in this amendment I am simply making it clear that the courts and their offices ... officers may be established or affected only as provided in Article V of the Judiciary Article. Ladies and gentlemen, I ask you to vote for this because if we don't do this then I think we might be undoing the most significant reform that we arrived at in the Judiciary Article which was to empower the legislature to move toward a more consistent court system below the district court level throughout the state. If we don't have this, then the Local Government Article might be *1276 interpreted to say that regardless of what the Judiciary Article says, you can have any kind of court you want, whether its different, inconsistent or what, so I ask for you to adopt this amendment, please.

Further Discussion
Mr. Perez We see no objection to the amendment. Again, we're just trying to make it clear that we're trying to provide a method for local government not to intrude into these offices or other functions of government.
Question

Mr. Schmitt Mr. Perez, do you see any necessity of putting all these various offices listed in there, and how far should we go? Should we list constables and... you know ... to what extent should all of these offices be inside of the constitution?

Mr. Perez Mr. Schmitt, what I'm basically trying to do because, of all of the discussion we've had for the last couple of days on this article, I wanted to be abundantly clear. First, as far as I am concerned, the article would not have intended to do that. But in order to satisfy any of the arguments or fears that any of these persons have had with regard to these offices, I'm agreeable to go along with it for that reason.
[Previous Question ordered. Amendment adopted: 96-3. Motion to reconsider tabled.]
(Emphasis added).
Vol. VII, Records of the Louisiana Constitutional Convention of 1973: Convention Transcripts, p. 1387 (September 22, 1973). Delegate Dennis was the Chairman of the Judiciary Committee and Delegate Perez was the Chairman of the Local Government Committee. The district courts are provided for in La. Const. of 1974, art. V, §§ 14 through 17. A review of these constitutional provisions reveals that local governments were not given authority therein to affect district courts. Any constitutional authority to do so remained with the legislative branch of state government, as provided for in La. Const. of 1974, art. III.[4] Finally, La. Const. of 1974, art. XIV, § 18 provides as follows:
(A) Retention. Laws in force on the effective date of this constitution, which were constitutional when enacted and are not in conflict with this constitution, shall remain in effect until altered or repealed or until they expire by their own limitation.
(B) Expiration of Conflicting Law. Laws which are in conflict with this constitution shall cease upon its effective date.

(Emphasis added)
Constitutional provisions are construed and interpreted by the same rules as are other laws. Aguillard v. Treen, 440 So.2d 704 (La.1983). The following rules of interpretation found in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La. App. 1st Cir.1984) are applicable:

When a law or ordinance is clear and free from all ambiguity, it must be given effect as written....
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant *1277 or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the law maker....
When the expressions of a law are "dubious", the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory.... If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail.
(Emphasis added; citations omitted).
See also La.R.S. 1:1 et seq.; La.C.C. art. 9 et seq.; Achee v. Louisiana State Employees' Retirement Board, 527 So.2d 1116, 1118-1119 (La.App. 1st Cir.1988); Notoriano v. Anthony, 527 So.2d 1120, 1121-1122 (La.App. 1st Cir.1988).
A party to an administrative proceeding has a constitutional right of access to the judicial branch of state government. La. Const. of 1974, art. I, §§ 2 and 22. This right exists without statutory authority. Tanner v. City of Baton Rouge, 422 So.2d 1263 (La.App. 1st Cir.1982), writ denied, 429 So.2d 128 (La.1983) and the cases cited therein. Pursuant to La.C.C. art. 13, the pertinent constitutional provisions should be interpreted in reference to each other. When this is done, it becomes clear that the legislative branch of state government has the sole authority to provide for the procedures to be followed by the judicial branch in adjudicating the disputes of litigants in administrative proceedings, except insofar as the legislative branch is limited by the provisions of La. Const. of 1974, arts. I, II and V, and other pertinent constitutional provisions. The question in this case is not whether the City-Parish has the authority to regulate alcoholic beverages; the City-Parish has that power. Peek, 434 So.2d at 1267-1268. The question herein is whether the City-Parish can mandate that the judicial branch of state government follow certain procedures when deciding cases regarding its regulation of alcoholic beverages (or any other subject matter). A home rule unit of local government, such as the City-Parish, has no authority to prescribe procedures that must be followed by the judicial branch in deciding a case. Any such authority that may have pre-existed the 1974 Constitution was repealed by La. Const. of 1974, art. XIV, § 18(B).
Section 1:153 of the City-Parish Code of Ordinances is unconstitutional insofar as it attempts to provide for procedures in the judicial branch of state government. La. R.S. 33:4788 enacted by the legislative branch of state government prescribes the proper procedure to be followed by the district court herein, and that is a trial de novo. See, for example, Pardue v. Stephens, 558 So.2d 1149 (La.App. 1st Cir. 1989). The trial court ruling to the contrary is in error as a matter of law.[5]
*1278 These assignments of error have merit.[6]

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and judgment is rendered in favor of P & G and against the ABC Board (1) declaring Section 1:153 of the City-Parish Code of Ordinances unconstitutional insofar as it attempts to prescribe procedures to be followed by the Nineteenth Judicial District Court, and (2) remanding this case to the trial court for compliance with La.R.S. 33:4788. The ABC Board is cast for all costs of this appeal of $323.96; all other costs shall be assessed by the trial court in a final judgment on the merits of the case.
REVERSED AND REMANDED.
NOTES
[1] P & G also asserted it was entitled to a trial de novo pursuant to La.R.S. 26:106 and 26:303. These statutes apply only when a local authority withholds a permit. La.R.S. 33:4788 applies when a local authority suspends or revokes a permit. The Louisiana Administrative Procedure Act, La.R.S. 49:951 et seq. is not applicable in this case because the City-Parish and the ABC Board are political subdivisions within the purview of La. Const. of 1974, art. VI, § 44(2). See La.R.S. 49:951(2).
[2] La. Const. of 1974, art. V, § 16(B) provides that "A district court shall have appellate jurisdiction as provided by law." See the discussion of La. Cont. of 1974, art. V, § 16 in In the Matter of American Waste & Pollution Control Co., 588 So.2d 367 (La.1991).
[3] Peek is distinguishable from the instant case. In Peek, the plaintiff applied for a permit for a drive-in window bar. The ABC Board denied the application. The trial court affirmed. On appeal to this court, the only issue was "[W]hether the ABC Board improperly denied appellant's application for a Class "B" license due to his intended mode of operation in dispensing alcoholic beverages." Peek, 434 So.2d at 1267. This court held that "[T]he ABC Board did not abuse its discretion in denying appellant's application...." Peek, 434 So.2d at 1270.
[4] However, La. Const. of 1974, art. III, § 12(A)(3) provides as follows:

(A) Prohibitions. Except as otherwise provided in this constitution, the legislature shall not pass a local or special law:
(3) Concerning any civil or criminal actions, including changing the venue in civil or criminal cases, or regulating the practice or jurisdiction of any court, or changing the rules of evidence in any judicial proceeding or inquiry before courts, or providing or changing methods for the collection of debts or the enforcement of judgments, or prescribing the effects of judicial sales....
[5] The ABC Board relies on La. Const. of 1974, art. VI, § 6 which provides as follows:

The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter.
The distinction between "organization and structure" and "powers and functions" is set forth in La Fleur v. City of Baton Rouge, 124 So.2d 374 (La.App. 1st Cir.1960). See also Letellier v. Jefferson Parish, 254 La. 1067, 229 So.2d 101 (1969) and G. Kean, Local Government and Home Rule, 21 Loy.L.Rev. 63 (1975). Article VI, § 6 does not apply in this case. It prohibits the legislative branch from enacting a law which affects the organization and structure of a home rule unit of local government. The issue in the instant case is whether a home rule unit of local government can prescribe procedures that affect the judicial branch.
[6] Because we find merit in assignments of error 2 and 3, it is unnecessary to rule on assignment of error 1, which asserts error in the trial court denials of the preliminary and permanent injunctions.