## HILL v. SOUTHERN ADVANCE BAG & PAPER CO., Inc., et al.
### No. 4425.

Court of Appeal of Louisiana. Second Circuit.
Dec. 1, 1933.

For former opinion, see 147 So. 753.

John F. Phillips, of Shreveport, and H. W. Ayres, of Jonesboro, for appellant.

Theus, Grisham, Davis & Leigh, of Monroe, for appellee.

MILLS, Judge.

As stated in our original opinion, this case involves the contention that section 33 of the Workmen's Compensation Act of Louisiana (Act No. 20 of 1914, § 33, as amended by Act No. 38 of 1918) has no reference to the preliminary judgment authorized under subsection 3 of section 18 of the act (as amended by Act No. 85 of 1926). We will consider this question, only, on the rehearing, as we are satisfied that the original opinion is correct on all other matters. It presents solely a question of law.

■ Section 33, as quoted in full in the original opinion, provides that the payments decreed in a judgment awarding compensation shall become immediately due and exigible and the judgment executory if the employer should become insolvent or fail to pay six successive installments as they fall due. Subsection 3 of section 18, provides that where no answer has been filed within the time fixed, the petitioner, upon simple request, shall be granted a preliminary judgment in accordance with the facts set forth in his petition providing for the payments claimed to be payable, until such time as a hearing on the merits is fixed at the request of the defendant. The purpose of section 33 is to inflict a penalty or forfeiture. Mason v. Costanza, 166 La. 323, 117 So. 240.

As penalties in civil actions are never favored by the courts, they are only justified in applying statutes inflicting them to cases where that right is clear and free from doubt. Massachusetts Protective Association v. Ferguson, 168 La. 271, 121 So. 863.

■ To apply, then, the provisions of section 33 referring to judgments, to subsection 3 of section 18, which refers to a preliminary judgment, the intention of the Legislature to do so much be clearly shown. In other words, the court must be satisfied that the two judgments are of equal force and effectiveness. The judgment provided for in section 33 presupposes a judgment on the merits, which would constitute res judicata as between the parties and conclude the issue on the merits. The purpose of the judgment permitted in subsection 3 is not to decide the case upon the merits, which decision is specifically deferred until a later hearing provided for, but to bring the case to an issue by penalizing delay in order that an injured workman may speedily obtain the relief to which he is entitled. For its rendition no proof is required except as to the fact of delay. The judgment is clearly not a final judgment, as it terminates as to further payments when the delay ceases. It would be abhorrent to any system of law and contrary to our practice to permit the rendition of a final judgment on the merits without default and without proper proof submitted on its confirmation. To apply the provisions of section 33 to the judgment allowed in the subsection would be to convert a temporary, indefinite judgment from a preliminary decree into a final and definitive judgment without any hearing on the merits, and would change an indefinite and defeasible decree into one allowing a definite amount.

Section 33 provides that it shall apply not only in cases of willful failure to pay installments, but also of insolvency on the part of the employer. If it applies to subsection 3 in one instance, it must apply in the other. There can be no basis for the argument that the preliminary judgment granted under subsection 3 without proof or hearing should be converted into a final definitive judgment by the mere fact of the insolvency of the employer. The possible inconsistencies resulting from sustaining the contention of the plaintiff in this case is best illustrated by what has actually occurred. In the original opinion, we call attention to the fact that the case had been fixed for a hearing on the merits. Our attention is now called to the fact that the issues have been tried and that on the merits judgment has been rendered for the plaintiff for the period of 129 weeks only. We thus have the anomalous situation of, in the same case, two judgments of equal force —one for a period not to exceed 400 weeks, and one limited to 129 weeks. There is no question but what the employer, under the plain provisions of subsection 3, had the right at any time before the expiration of the 400 weeks mentioned in the first judgment, to bring this case to trial and by so doing stop the weekly payments ordered under it. We do not think this right was intended to be taken away, or can be taken away, by any construction of the provisions of section 33. The judgment on the merits for 129 weeks does not conflict with, but is in pursuance of, the judgment rendered under the subsection; whereas, the judgment rendered under section 33 not only is in conflict with, but is destructive of, that judgment.

Our Code of Practice divides judgments into two classes, interlocutory and final, which are different in effect and subject to different rules of construction and enforcement. Article 538 defines "interlocutory judgments" as those which "do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings." We think that, in the light of this definition, the *preliminary* judgment provided for in subsection 3 is interlocutory and not final. We are also convinced, upon more mature reflection, that, applying the rules of strict construction required by law to section 33, it is clear that the judgment referred to in it is a final and definitive judgment duly rendered upon proper proof submitted upon a hearing on the merits. The result of so holding in no way weakens or destroys the effect of the judgment rendered under subsection 3. That judgment remains, as was intended, executory as to payments which had accrued under it. The plaintiff is left in the position of the ordinary judgment creditor, in that his judgment rendered in pursuance of subsection 3 of section 18 is only enforceable to the extent that it is due and payable.

We therefore conclude that the judgment provided for in section 33 of the Workmen's Compensation Act is not applicable to the preliminary judgment provided for in subsection 3 of section 18.

For the reasons above assigned, our former judgment is hereby recalled and annulled; and judgment is now rendered affirming that of the lower court.

DREW, J., dissents and adheres to the former opinion.