PER CURIAM.
The principal issue presented by this motion is whether, after rehearing is denied and our judgment on the appeal proper is final in this court, we still retain jurisdiction to rule on peremptory exceptions which had been filed prior to our denial of rehearing.
By our original opinion of March 21, 1967, we reversed a trial court judgment which had dissolved a writ of sequestration *703 obtained by the plaintiffs-appellants. La. App., 197 So.2d 154. On April 17, 1967, the defendant-appellee filed for the first time in this court, LSA-CCP Art. 2163,[1] certain pleadings which he termed peremptory exceptions of “non-joinder of indispensable parties”, LSA-CCP Arts. 645, 927, and of “no cause of action”, LSA-CCP Art. 927. On April 20, 1967, this court disposed of the defendant-appellee’s timely filed application for rehearing by simple per curiam denial.
Our denial of rehearing did not expressly rule upon the “peremptory” exceptions filed three days earlier. However, the usual rule is that the silence of the judgment as to any relief that might have been allowed under the pleadings constitutes a denial of such relief requested. Edenborn v. Blacksher, 148 La. 296, 86 So. 817; R. F. Mestayer Lumber Co. v. Cusack, La.App. 4 Cir., 141 So.2d 166. We felt that, under this general rule, our decree denying the application for rehearing necessarily disposed of the pending exceptions.[2]
Nevertheless, on April 24, 1967 (four days after rehearing was denied by this court), the defendant-appellee by the present formal motion requests us to make an independent ruling upon the “peremptory” exceptions filed before our denial of rehearing. Had we felt the exceptions were substantially based, at the time we denied rehearing we might well have stated our formal reasons for considering them without merit and untimely.[3] However, we cannot now grant the defendant-appellee’s *704 motion for a formal independent ruling upon such exceptions because we no longer have jurisdiction to do so.
Because the judgment of a court of appeal becomes final upon the court’s denial of an application for rehearing (if the right to apply for further rehearing is not reserved),[4] the court is without jurisdiction to consider even well-founded motions filed after denial of rehearing. Orrell v. Southern Farm Bureau Casualty Insurance Co., La.App., 174 So.2d 841, certiorari denied, 247 La. 1013, 175 So.2d 301; ruling approved, Orrell v. Southern Farm Bureau Casualty Insurance Co., 248 La. 576, 180 So.2d 710 at 713, syllabus 4. After its judgment has become final by its denial of the application for rehearing, a court of appeal cannot by subsequent ruling change the substance [5] of its final decision. Luckett & Hunter v. Texas & P. R. Co., 161 La. 175,108 So. 405.
We therefore deny the defendant-appel-lee’s motion requesting this court to make an independent ruling disposing of the “peremptory” exceptions, since we lack further jurisdiction to act in this appeal after our judgment deciding it became final in this court by our denial of rehearing.
Motion for ruling denied.

. Article 2163 provides: “The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the ease for a decision, and if proof of the ground of the exception appears of record. * * * ”
(The case was submitted for decision on February 9, 1967. The defendant-ap-pellee contends that the peremptory exception of non-joinder of indispensable parties was nevertheless filed timely on April 17, even after submission of the case, because no adjudication of an action may be made unless all indispensable parties are joined, LSA-CCP Art. 641, and because trial and appellate courts must permit amendment of a petition to join indispensable parties if the court itself notices their absence from the suit, LSA-CCP Art. 646. Thus a court may abuse its discretion if, after the matter is submitted, it refuses to permit reopening to compel joinder of (truly) indispensable parties. DeHart v. Continental Oil Co., 196 La. 701, 200 So. 9. We do not reach these contentions because the matter is no longer pending before us. See also Footnote 3.)

. In actual fact, the court had considered the exceptions at the rehearing conference and had determined them to be without merit in the court’s opinion. See Footnote 3. However, the tacit disposition of the exceptions by the general denial of rehearing could equally well be considered to have disposed of the exeep-tions because of a refusal of the court to exercise any discretion it may have had to consider the peremptory exceptions first filed on appeal, or because of a determination that the peremptory exceptions were not timely filed prior to the submission of the case for decision as required by LSA-CCP Art. 2163, quoted in Footnote 1 above.

.The defendant-appellee’s so-called peremptory exceptions are founded solely on the circumstance that only one of the eight plaintiff co-owners (all of whom were named as parties plaintiff) verified the petition seeking the sequestration. LSA-CCP Art. 3501 requires that a writ of sequestration be verified by “the petitioner, his counsel or agent”. Since only one of the eight plaintiffs verified the petition, the defendant-appellee argues somewhat originally that the other seven co-plaintiffs have not been joined as parties to the suit. However, the exception of want of verification is regarded not as a peremptory exception (which may be pleaded at any time, LSA-CCP Art. 928, even on appeal, Art. 2163), but rather as a dilatory exception objecting to the failure of the petition to comply with a technical or formal requirement. Article 926(4), Official Comment (a). Dilatory exceptions must be pleaded in limine, Art. 928, and are curable by amendment, Art. 933. We think it to be self-evident that a party cannot convert the nature of an objection by exception to a suit by labelling “peremptory” what *704 is in fact a pleading which states grounds only for a dilatory exception.
In fact, the defendant-appellee had filed an exception of want of verification in the trial court based upon this identical contention. We had overruled it in our original opinion herein because, for one reason, the pleadings showed that the verifying plaintiff acted as agent for his co-owner plaintiffs (without even reaching the very substantial contention that the affidavit of one co-plaintiff alone is sufficient verification of a petition seeking sequestration).

. LSA-CCP Art. 2167, Rule XI, Sections 1 and 5, Uniform Rules, Courts of Appeal (1963). The judgment is final in the court of appeal even though it is not executory until either a timely filed application for writ of certiorari has been denied by the supreme court or until the legal delay to apply for the same has expired. See the Orrell decisions cited in text.

. However, our Supreme Court has held that an appellate judgment may be amended for purposes of correcting an omission or clerical error obvious on the face of the opinion, even if the motion therefor is made after the delay to apply for rehearing (but providing the judgment has not been sent back to the trial court for execution). State v. F. B. Williams Cypress Co., 132 La. 949, 61 So. 988. Cf. LSA-CCP Art. 1951, Official Comment (d).