BARNETTE, Judge.
This workmen’s compensation case is before us in response to a writ of certio-rari directed to the trial judge. The question to be determined is the correctness of the trial judge’s refusal to grant the plaintiff’s request for a preliminary judgment under the provisions of LSA-R.S. 23:1316.
The plaintiff, Marion Hanzy, divorced wife of Milford Dolloile, filed suit against the defendant, Donald Landry, doing business as Charlie’s Place, on August 27, 1969, seeking recovery of workmen’s compensation benefits. The substance of her complaint is that she sustained an injury to her leg on June 14, 1969, by slipping into a grease trap in the course and scope of her employment as a “laborer” in “Charlie’s Place” while in the employment of Donald Landry, doing business as “Charlie’s Place.” She alleged total disability and seeks maximum recovery of $45 per week for 500 weeks plus medical expenses. Service of process on the defendant addressed to him at Charlie’s Place, 4210 McArthur, New Orleans, Louisiana, was not effected until December 16, 1969. On January 20, 1970, the defendant filed an exception of vagueness and of no cause or right of action.
On February 3, plaintiff’s counsel filed a motion and obtained an order from the court fixing March 18, 1970, as the date for hearing. This was served on defendant through his attorney of record on February 6. The extract from the minutes of the court of March 18 shows merely that the case was continued to May 19.
On March 31, the plaintiff filed in this court an application for writs seeking to mandamus the trial judge to grant plaintiff’s request for preliminary judgment under the provisions of LSA-R.S. 23:1316. In the application for writs plaintiff alleged that a request for preliminary judgment had been made on February 3, 1970, which we now find to have been in error. The filing on February 3, 1970 was a motion and order fixing the date for hearing on March 18.
Plaintiff further alleged in the application for writs that on March 18, 1970, the date fixed for hearing, the defendant still had not filed an answer and that plaintiff then presented to the trial judge her request for a preliminary judgment under the provisions of LSA-R.S. 23:1316 which was denied by the court and that the court then granted a further delay for defendant to file answer under the authority of LSA-R.S. 23:1315. We granted alternative writs of mandamus or certiorari returnable to this court on April 13, 1970. The respondent judge elected to comply with the alternative writ of certiorari and accordingly the record was timely transmitted to this court. An answer to the writ was filed on behalf of the defendant, and the matter was heard and submitted on April 13.
We pointed out above that the extract of the minutes of the court of March 18 merely shows that the case was continued to May 19. We do not find in the record any petition, motion, or request in writing for a preliminary judgment nor does the extract of minutes of March 18 indicate that a request for preliminary judgment was made as plaintiff alleged in her ap *494 plication for writs. However, the answer filed by the defendant in this court does admit significantly as follows:
“VIII
When the matter was called by the Court for trial on March 18, 1970, counsel for plaintiff was present as well as counsel for defendant, together with their respective clients. Counsel for plaintiff moved for a preliminary judgment in accordance with R.S. 23:1316, however, the Court upon reviewing the statutes concluded that under R.S. 23 :- 1315 that the ‘Court may in its discretion grant further time for filing the answer or hearing the petition and allow amendments of the petition and answer at any stage in the proceedings’
IX
Therefore, on defendant’s request for a continuance, the Court granted same and continued the matter at that time to May 19, 1970 which was the first available date on the Court’s calendar. * * Also a pre-trial conference was set on the matter for April 23, 1970, and defendant’s counsel instructed to file his answer before that time.” (Emphasis in the original.)
Defendant’s answer to plaintiff’s petition was filed on April 3.
LSA-R.S. 23:1315 and 1316 are as follows :
“The petition shall be filed with the clerk of court and the judge shall fix by order a time and place for the hearing thereof, not less than three weeks after the date of service of the petition. A copy of the petition and of the order shall be served as a summons in a civil action upon the adverse party within four days after the filing of the petition.
“Within ten days after the service of the petition the adverse party shall answer the same and shall admit or deny the substantial averments thereof and shall state the contention of the defendant with reference to the matter in dispute as disclosed by the petition. The answer shall be verified in like manner as required for a petition. The court may in its discretion grant further time for filing the answer or hearing the petition and allow amendments of the petition and answer at any stage of the proceedings.” LSA-R.S. 23:1315.
“If the time fixed for filing the answer, or the delay granted for the filing thereof has elapsed without any answer having been filed, then upon simple request of the petitioner the court shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this Chapter, providing for payment of such compensation as is claimed to • be payable until such time as the hearing of the issues on the merits is fixed by an order of court at the request of the defendant; such hearing on the merits shall be fixed in the same manner as the first hearing is fixed under R.S. 23:1315, or by the agreement of the parties.” LSA-R.S. 23:1316.
An order fixing a time for hearing not less than three weeks after date of service of the petition as provided by section 1315 was not issued, but after service had been effected (December 16, 1969) and defendant had appeared solely for the purpose of filing exceptions (January 20, 1970), the plaintiff did on February 3 obtain the order from the court fixing the time for hearing. The order fixing the time for hearing was served according to law within four days.
The filing of exceptions by the defendant did not relieve him of the statutory requirement to file an answer within ten days after service of plaintiff’s petition. Duplechien v. States Exploration Company, 94 So.2d 460 (La.App. 1st Cir. 1957).
*495 Workmen’s compensation statutes are special laws arising out of the recognized need to provide an adequate and speedy remedy to an injured workman dependent upon wages for support. It is social legislation the altruistic purpose of which is universally recognized. The purpose of the statutory requirement that the defendant answer within ten days after service of the petition under penalty of preliminary judgment is to join issue and get the case to trial as expeditiously as possible and thus avoid the delay usually involved in ordinary proceedings. See Fontenot v. Great American Indemnity Company, 127 So.2d 822 (La.App. 3d Cir. 1961), and authorities cited at p. 831. In that case however the court did not apply the penalty saying at p. 831:
“Under the above reasoning it is our opinion that the lower court properly denied the motion for preliminary judgment because the defendant’s failure to answer did not in any way delay a trial on the merits, the plaintiff never having obtained an order setting the case for trial, either at the time he filed his original petition or subsequently. (Emphasis added.)
Whether or not it is the plaintiff’s obligation to obtain the order setting the date of hearing or the duty of the trial judge to fix the date when the petition is filed, under a strict interpretation of LSA-R.S. 23:1315, is not necessary for us to answer to reach a decision in this case since the hearing date was in fact fixed by the court’s order prior to plaintiff’s request for preliminary judgment.
 According to defendant’s answer filed in this court in response to our writ, the reason given for denying plaintiff’s motion (or request) for preliminary judgment on the date set for hearing was the court’s conclusion that under the provisions of LSA-R.S. 23:1315 it was within its discretion to grant a delay for answering the petition “at any stage of the proceeding.” We do not agree. The pertinent part of section 1315 is as follows:
“ * * * The court may in its discretion grant further time for filing the answer or hearing the petition and allow amendments of the petition and answer at any stage of the proceedings.”
Our interpretation of this provision is that the phrase “at any stage of the proceedings” relates to the allowance of amendments of the petition and answer. This is consistent with the general rules of liberality of pleading in workmen’s compensation cases. Clearly, within the ten days allowed for answering, the court may extend the time for answering within its discretion and also extend the date for hearing the petition if one has been fixed. If the hearing date has been fixed by the court and ten days from service has passed and no request for preliminary judgment has been made by plaintiff, the defendant may avoid the penalty by filing his answer at any time before plaintiff moves for preliminary judgment. Hollinsworth v. Crossett Lumber Co., 153 So. 722 (La.App. 2d Cir. 1934).
In this case the defendant had not filed his answer by the date fixed for hearing, which was three months after service of the petition. On the basis of the record before us the plaintiff’s request for a preliminary judgment made on that date should have been granted. The court had no discretion to do otherwise under LSA-R.S. 23:1316. The statute clearly says the court shall immediately enter a preliminary judgment. Its refusal to do so and the granting of further extension of time for defendant to answer was not authorized.
The defendant complains that a preliminary judgment, which the statute requires shall be in accord with the facts set forth in plaintiff’s petition, will far exceed the amount plaintiff might have been entitled to, if any, because of her *496 minimal injury. Until there has been a trial on the merits the court does not know the extent of the injury and the unanswered allegations of her petition must be accepted as true at this stage of the proceeding. She has alleged total and permanent disability. 'We cannot adopt a different application of the law to cases on the basis of representations of minimal or gravely serious injury or on our belief that it is more probably one than the other. In all cases the defendant can avoid what could be an excessive judgment and a harsh penalty by the simple expediency of filing an answer timely. Any answer meeting the minimal requirements will suffice and it may thereafter be amended at any stage of the proceedings within the court’s discretion. We cannot refuse to enforce the law because in a particular case it might appear to have harsh consequences. From the argument and briefs filed in this court we might assume that there may be facts not revealed by the record but known to the trial judge or within his means to determine, which in his opinion should be taken into account in determining from what date the accrued compensation payments shall run. We will therefore remand the case for a preliminary judgment to be entered by the trial judge consistent with the law and the facts.
For the foregoing reasons the writ of mandamus is made absolute and accordingly the Honorable Walter F. Marcus, Judge of the Civil District Court for the Parish of Orleans, is ordered forthwith to grant petitioner’s request for a preliminary judgment and that preliminary judgment be entered in favor of the plaintiff, Marion Hanzy, divorced wife of Milford Dolloile, and against Donald Landry, doing business as Charlie’s Place, in accordance with law, and particularly LSA-R.S. 23:1316, and consistent with the views herein expressed, at defendant’s cost.
Writ of mandamus made absolute; remanded.