HALL, Judge.
Benny Walden filed this suit for workmen’s compensation benefits for injuries sustained in a one-car automobile accident which occurred while he was traveling to his place of employment. Plaintiff was employed as a carpenter by Billy Young, a labor subcontractor for C. A. Collins on a residential construction job. Both Young and Collins were named defendants. Collins filed a third party demand against Young seeking judgment against him for any judgment which might be rendered against Collins in favor of plaintiff. Judgment was rendered in favor of defendants rejecting plaintiff’s demands. Plaintiff appealed. We affirm the judgment of the district court.
The primary issue presented on appeal is whether plaintiff was within the course of his employment at the time of the accident.
Plaintiff’s working hours were from 7:00 a. m. to 3:30 p. m. The accident occurred on June 24, 1971, shortly before 7:00 a. m. while plaintiff was en route to the job site. Plaintiff was not furnished transportation to or from the job by either of the defendants. He was compensated at an hourly rate and was only paid for those hours worked at the construction site between 7:00 a. m. and 3:30 p. m.
Generally, for an injury to be compensable under the Louisiana Workmen’s Compensation Law, LSA-R.S. 23:1021 et seq., it must occur during the course of the employee’s employment, i. e. it must occur during working hours. Hay v. Travelers Insurance Company, 106 So.2d 791 (La.App.2d Cir. 1958); Gardner v. Industrial Indemnity Company, 212 So.2d 452 (La.App.1st Cir. 1968). It has been consistently held as a general rule that injuries sustained by an employee while he is going to or returning from work do not occur within the course of his employment. One of the well recognized exceptions to this rule is that such injuries are compen-sable if the employee is charged with some duty which he must perform for his employer while going to or returning from work. See: Malone, Louisiana Workmen’s Compensation Law and Practice, §§ 163, 171 and cases cited therein.
Plaintiff relies on this exception. He testified that on numerous occasions prior to the date of the accident, he was required by his employer to pick up supplies and materials on his way to work and deliver them to the job site. Particularly, he testified that on the day preceding the accident, June 23, 1971, Young told him to pick up the power tools used on the job and make sure they were not left out overnight. Plaintiff testified that he gathered several tools, put them in his car and took them to his home. It was on his return to work the next day that the accident happened. He contends that at the time of the accident he had been charged with the specific duty of securing his employer’s tools and with the further duty of returning them to the job site and, therefore, the accident occurred within the course of his employment.
Young denied he gave plaintiff instructions to secure the tools and return them to the job on the date of the accident. The evidence reflects that Young allowed plaintiff to borrow the power tools on numerous occasions for plaintiff’s own personal use. Plaintiff admitted he had been putting up some paneling in his home prior to the accident and Young had given him permission to take the tools home and use them for his own benefit so long as he returned them in time for work the next day. Three other workmen on the job testified *850 they had worked with plaintiff and that he regularly took tools home with him for his own use with the permission of, but not at the direction of their employer.
The trial court concluded that in view of plaintiff’s regular practice of taking the tools to his home for his personal use, the evidence did not support a finding that he had the tools at the direction of his employer or for the benefit of his employer. The trial court further concluded that the circumstances here did not bring plaintiff’s case within the exception to the general rule.
The evidence fully supports the trial court’s conclusions of fact and the law was correctly applied to those facts in denying recovery.
Plaintiff specifies as error the trial court’s refusal to grant a preliminary judgment under LSA-R.S. 23:1316 on plaintiff’s ex parte motion filed after defendants failed to answer within ten days after service of process.
Suit was filed November 23, 1971, and an order was signed that day setting the case for trial on December 7. Young was served November 24 and Collins was served November 26. Answer was due by Young on December 4 and by Collins on December 6. On December 7, defendants having failed to answer, plaintiff presented to the district judge a motion for preliminary judgment ordering payment of compensation until such time as the hearing of the issues on the merits is held. The motion for preliminary judgment was refused on the same day. Also on the same day, December 7, answer was filed by Collins. Young answered on December 8. A motion for continuance filed by Young on December 8, shows the case was fixed for trial for December 10. The motion for continuance was denied and the case was actually tried on December 10. The record does not reflect how or when the trial date was changed from December 7 to December 10.
The provisions of LSA-R.S. 23:1315 and 1316 are designed to assure a prompt hearing on the merits of a compensation case. The preliminary judgment is in the nature of a penalty assessed against a defendant in the event of delay on the part of the defendant in answering. Otherwise stated, the preliminary judgment device assures a plaintiff preliminary and temporary recovery of the compensation claimed in the event of delay on the part of a defendant.
We find no error in the district court’s refusal to grant a preliminary judgment here, where the case was fixed for trial and was actually tried three days after the date on which the motion for preliminary judgment was presented and refused.
For the reasons assigned, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
Affirmed.