SCHOTT, Judge.
The administratrix of this succession filed a petition for partition by licitation of immovable property in which the succession allegedly owned a one-half interest and the appellant owned the other one-half interest. In response appellant filed exceptions of prematurity and no right of action. The trial court overruled these exceptions and ordered that “the partition by licitation be allowed.” From this judgment the present appeal was taken.
The judgment overruling exceptions is not a final judgment but is only interlocutory and appellant has not shown that it will cause irreparable injury. Consequently, it is not appealable. LSA-C.C.P. Art. 2083, State v. Placid Oil Co., 274 So.2d 402 (La.App. 1st Cir. 1972) affirmed in part, *728 amended in part on other grounds, La., 300 So.2d 154. If this were the only aspect of the judgment we would be inclined to dismiss the appeal, but considering that the trial judge ordered that the partition be allowed, some further action on our part is warranted.
With the overruling of the exceptions filed by appellant it was in order for the trial judge to permit appellant to answer the petition, thereby joining issue. The merits of the partition suit were not before the trial judge, and consequently that portion of the judgment which ordered that the partition be allowed was not responsive to the pleadings.
We note that the petition for partition was followed with an order for appellant to show cause why the judgment should not be rendered as prayed for, and this might explain why the court ordered the partition in a summary fashion. Nonetheless, this is not a petition for public sale of succession property under C.C.P. Art. 3271, but rather a petition for partition between co-owners under Art. 4603, which prescribes that a partition proceeding is subject to the rules regulating ordinary proceedings. In order for the trial court to adjudicate the merits of the case it would be necessary for issue to be joined either by appellant’s answer or by the administratrix entering a preliminary default against appellant.
Accordingly, the judgment appealed from insofar as it orders that the partition be allowed is reversed and set aside, and the case is remanded to the district court for further proceedings. The costs of this appeal are assessed against the Succession, and all other costs are to await the outcome of the case.
REVERSED AND REMANDED.