460 So.2d 11 (1984)
Fred G. PEARSON, Jr.
v.
AETNA CASUALTY AND SURETY COMPANY and Pala Incorporated.
No. 83-CA-1162.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
Hobart O. Pardue, Jr., Springfield, for plaintiff-appellee.
Robert E. Couhig and Lisa Tompkins, New Orleans, for defendants-appellants.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
The defendants, Aetna Casualty and Surety Company (Aetna) and Pala Incorporated, suspensively appeal a preliminary judgment awarding the plaintiff, Fred Pearson, Jr. $183.00 in weekly workman's compensation benefits from January 1, 1983, until a hearing is held on the merits. We affirm.
Plaintiff filed suit on March 16, 1983, claiming permanent and total disability from a knee injury allegedly suffered on April 30 when he fell down a flight of stairs at work, and obtained an order scheduling a hearing on the merits for May 20, 1983. Service was made on Aetna *12 through the Secretary of State on March 18. The defendants did not file an answer within ten days from that date as required by LSA-R.S. 23:1315.[1] Consequently, plaintiff filed a motion for and obtained a preliminary judgment, under LSA-R.S. 23:1316, on April 6, 1983.
On April 12, the defendants filed an answer and a motion to set aside the preliminary judgment. After a hearing on April 29, judgment was rendered on May 10 denying the motion. The defendants sought writs from that judgment, which this court denied, ruling that their proper remedy was by appeal under Braddy v. Triangle Timber, Inc., 345 So.2d 1252 (La.App. 1st Cir. 1977). They then filed this appeal on June 10, 1983.
Defendants contend that the court below erred in granting the preliminary judgment first because their failure to answer within ten days of service of process was not intended to nor did it actually delay the trial on the merits.
Before its amendment in 1983,[2] LSA-R.S. 23:1316 read as follows:
If the time fixed for filing the answer, or the delay granted for the filing thereof has elapsed without any answer having been filed, then upon simple request of the petitioner the court shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this Chapter, providing for payment of such compensation as is claimed to be payable until such time as the hearing of the issues on the merits is fixed by an order of the court at the request of the defendant; such hearing on the merits shall be fixed in the same manner as the first hearing is fixed under R.S. 23:1315, or by the agreement of the parties.
The purpose of this statute is to insure an expeditious resolution of workman's compensation claims and, by providing the claimant with speedy relief until the merits can be decided, to prevent an employer from forcing a claimant into a compromise settlement by starving him out. It is intended to penalize delay. See generally, Hill v. Southern Advance Bag & Paper Company, 151 So. 241 (La.App. 2nd Cir. 1933); See also Bickford v. Lutz, 339 So.2d 1268 (La.App. 1st Cir.1976); Naquin v. Coal Operators Casualty Company, 157 So.2d 276 (La.App. 3rd Cir.1963).
Under the plain wording of the statute, a claimant is entitled to a preliminary judgment "upon simple request" whenever two conditions occur: the time for filing the answer expires and the defendant fails to answer. See Hollinsworth v. Crossett Lumber Co., 153 So. 722 (La. App. 2nd Cir.1934). It is clear to us that by this wording a failure to answer within the time limits provided is by itself proof enough of delay. The plaintiff therefore need not show any actual or attempted delay by other actions of the defendant, nor may a defendant avoid the penalty or have a preliminary judgment set aside by showing that his failure to answer either did not delay the trial on the merits or is otherwise excused by the circumstances.[3]
*13 Indeed, we agree with our brethren of the fourth circuit that the statute mandates a preliminary judgment once the two stated conditions occur. In Dolloile v. Landry, 234 So.2d 492 (La.App. 4th Cir.1970), instead of granting the plaintiff's request for a preliminary judgment, the trial court granted the defendant further delay for filing his answer. In vacating that ruling and ordering the trial judge to enter a preliminary judgment, the court said:
In this case the defendant had not filed his answer by the date fixed for hearing, which was three months after service of the petition. On the basis of the record before us the plaintiff's request for a preliminary judgment made on that date should have been granted. The court had no discretion to do otherwise under LSA-R.S. 23:1316. The statute clearly says the court shall immediately enter a preliminary judgment. Its refusal to do so and the granting of further extension of time for defendant to answer was not authorized.
Id. at 495.
Insofar as those cases which the defendants cite from the second and third circuits contain language indicating a contrary interpretation, we decline to follow them. See Walden v. Collins, 262 So.2d 848 (La. App. 2nd Cir.1972); and Naquin v. Coal Operators Casualty Company, 157 So.2d 276 (La.App. 3rd Cir.1963).[4] Consequently, we need not discuss those circumstances which defendants argue excuse their failure to answer by March 28, 1983.
Defendants' second argument is that the trial court erred in granting the preliminary judgment because the plaintiff did not file a verified petition as required by LSA-R.S. 23:1311.
Want of verification of the petition is a defect of form which is curable by amendment of the pleadings. See LSA-C.C.P. arts. 863, 891 and 933; See also Montagne v. Tinker, 201 So.2d 701, 703, n. 3 (La.App. 3d Cir.1967). Objections to formal defects of the petition must be raised through the dilatory exception and pleaded before answer or are waived. LSA-C.C.P. arts. 926 and 928. Since defendants filed no such objections in the proceedings below, they may not make them now for the first time on appeal.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] Before its amendment by La. Acts 1983, 1st Ex.Sess., No. 1, § 1, LSA-R.S. 23:1315 read as follows:

The petition shall be filed with the clerk of court and the judge shall fix by order a time and place for the hearing thereof, not less than three weeks after the date of service of the petition. A copy of the petition and of the order shall be served as a summons in a civil action upon the adverse party within four days after the filing of the petition.
Within ten days after the service of the petition the adverse party shall answer the same and shall admit or deny the substantial averments thereof and shall state the contention of the defendant with reference to the matter in dispute as disclosed by the petition. The answer shall be verified in like manner as required for a petition. The court may in its discretion grant further time for filing the answer or hearing the petition and allow amendments of the petition and answer at any stage of the proceedings.
[2] See La. Acts 1983, 1st Ex.Sess., No. 1, § 1, eff. July 1, 1983.
[3] A defendant's proper response to a preliminary judgment entered against him is to request a hearing on the merits. See Bickford v. Lutz, 339 So.2d at 1271.
[4] Naquin is distinguishable. In that case, the third circuit held that the trial court's refusal to grant plaintiff's motion for a preliminary judgment is an interlocutory judgment which is not appealable without a showing of irreparable harm. The plaintiff was unable to establish irreparable harm, entitling him to an appeal, without proof of actual delay. The court therefore dismissed the appeal. As noted above, this circuit has interpreted LSA-R.S. 23:1351 to authorize appeals from preliminary judgments, whether classified as interlocutory or final, in Braddy v. Triangle Timber, Inc., 345 So.2d 1252 (La.App. 1st Cir.1977). Thus, a plaintiff need not establish irreparable harm by a showing of actual delay before he can appeal. The fourth circuit agrees. Sciortano v. Levitt Furniture Co., 375 So.2d 1197 (La.App. 4th Cir.1979). The third circuit does not agree, Vizina v. Industrial Indemnity Co., 374 So.2d 753 (La.App. 3rd Cir. 1979), nor we presume does the second circuit, since Hill v. Southern Advance Bag and Paper Co., 151 So. 241 (La.App. 2nd Cir.1933), has not been overruled.