BOUTALL, Judge.
We granted certiorari to determine the validity of a judgment overruling an exception of prematurity.
*14 Plaintiff Kevin S. Cawley filed a petition for worker’s compensation on August 6, 1984 alleging injuries as a result of an accident on October 31, 1983. The defendant filed an exception of prematurity based upon failure to first submit the claim to the office of Worker’s Compensation Administration created by Act No. 1 of the first extra session of 1983, effective July 1, 1983. (R.S. 23:1291 et seq.) Specifically, exceptor points out that the claimant does not follow the requirements of R.S. 23:1314 in that it is not alleged in the petition that the claim was submitted to the office for informal resolution and that the attempt failed, nor is the petition accompanied by a copy of the certificate of office. The ex-ceptor denied that any such resolution has been made prior to the suit being filed and asserts that the petition is accordingly premature and should be dismissed.[1]
The trial judge overruled the exception of prematurity, but required petitioner to amend the petition within thirty days. While such a resolution of the exception may be equitable, it is not provided for in this statute. This statute requires dismissal and we so order.
Accordingly, the judgment complained of is reversed and there is now judgment in favor of exceptors and against petitioner, Kevin S. Cawley, maintaining the exception of prematurity and dismissing his petition at his cost.
REVERSED AND RENDERED.

. "1314. Necessary allegations; dismissal of premature petition
A.The presentation and filing of the petition under R.S. 23:1311 shall be premature unless it is alleged in the petition that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed and:
(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which petitioner is entitled under this Chapter; or
(2) The employee has not been furnished the proper medical attention; or
(3)The employee has not been furnished copies of the reports of examination made by the employer’s medical practitioners after written request therefor has been made under this Chapter.
B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the court to be without reasonable cause or foundation in fact or the petition is not accompanied by a copy of the certificate of the office as required by R.S. 23:1310.1.
C. The court shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with this claim.”