WICKER, Judge.
This appeal arises from a worker’s compensation claim filed by the plaintiff, Alex Dominick Dimarco (Dimarco) against the defendant, Ace Transportation (Ace). The defendant filed exceptions of prematurity and non-conformity with form requirements. The trial judge dismissed the exceptions. Defendant now appeals.
On March 12, 1985 Dimarco filed a “Petition for Workmen’s Compensation Benefits” against defendant, Ace in which Dimarco alleged that he was injured on or about March 12, 1984 while he was engaged in the course and scope of his employment for Ace.
On April 15, 1985 Ace filed an answer and dilatory exceptions of prematurity and non-conformity of petition with form requirements. The bases of the exceptions are that: (1) the petition fails to comply with the statutory requirements of L.S.A.R.S. 23:1314 in that Dimarco failed to file his claim first with the Office of Worker’s Compensation Administration, (2) that the petition did not comply with the requirements of L.S.A.-R.S. 23:1311 in that it did not set forth the specific compensation benefit Dimarco believes is due, nor did it allege that he had submitted his claim to the Office of Worker’s Compensation for informal resolution and that such attempt to informally resolve the claim failed and (3) that no verified petition had been filed in compliance with L.S.A.-R.S. 23:1311.
On July 11, 1985 the exceptions were heard. Judge Porteous took these under advisement and rendered his decision on November 25, 1985. He dismissed the exception of prematurity and gave written reasons.
Appellant assigns the following errors:
1. That the trial judge erred in not dismissing the petition pursuant to the provisions of L.S.A.-R.S. 23:1311 and 1314, and
2. That the trial court erred in permitting Dimarco to amend his petition to comply with the provisions of L.S.A.-R.S. 23:1311.
Dimarco does not contest the contention that he failed to attach a certificate from the Office of Worker’s Compensation indicating that the claim was submitted to the office and that his claim was rejected. The requirement that he attach such a certificate is statutorily mandated. L.S.A.-R.S. 23:1311(C). The statute provides in pertinent part that “[t]he petition shall have attached to it a copy of the office’s certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected.” L.S. A.-R.S. 23:1311(C).
Moreover, Ace argues that Dimarco’s petition fails to allege that he made a claim to the Office of Worker’s Compensation. Dimarco does not contest the fact that these allegations are not made; however, he argues that despite numerous attempts to have the office respond to his claim, it has remained silent. Ace is correct in pointing out that the requirements of L.S.A.-R.S. 23:1314 have not been met.
The specific requirements which have not been met are that nowhere is it alleged in the petition that his claim was ever submitted to the office, nor is there a copy of *1203 the certifícate from the office. L.S.A.-R.S. 23:1814; Cawley v. United Parcel Service, Inc., 463 So.2d 13 (La.App. 5th Cir.1985).
The trial judge in the instant case found that the worker’s compensation claim had been submitted to the Office of Worker’s Compensation but that the office had not responded after numerous letters from the claimant’s attorney. His findings are supported by the documents furnished by the claimant.
By letter dated July 19, 1984 the office acknowledged receipt of the claim and required further information from the claimant. On January 18, 1985 Dimarco indicated by letter to the office that the requested information had been sent and asked for a report as to the status of the claim. Again on February 7, 1985 the claimant requested information from the office regarding the status of the claim.
Before we can address the merits of the appeal we must first determine whether a judgment overruling an exception of prematurity is appealable.
A judgment overruling exceptions is an interlocutory judgment, L.S.A.-C.C.P. Arts. 1841, 2083; State v. Placid Oil Co., 274 So.2d 402 (La.App. 1st Cir.1972) affirmed in part, amended in part on other grounds, 300 So.2d 154 (1973), cert, denied 419 U.S. 1110, 95 S.Ct. 784, 42 L.Ed.2d 807 (1975); Succession of Dixon, 352 So.2d 727 (La.App. 4th Cir.1977).
Louisiana requires that in order for an interlocutory judgment to be appealable there must be a showing that the judgment will cause irreparable harm. See L.S.A.-C. C.P. Art. 2083. Head v. Erath General Hospital Inc., 458 So.2d 579 (La.App. 3rd Cir.1984), writ denied 462 So.2d 650 (La.1985). Although Dimarco, the appellee, does not raise this issue, an appellate court can dismiss a premature appeal ex proprio motu. Head, supra.
Accordingly, this Court issued a show cause order on July 9, 1985 allowing both Dimarco and Ace to supplement their briefs to address the possible jurisdictional defect. Both sides responded with a supplemental brief.
Ace refers to a provision in the worker’s compensation statute which states that:
“Either party may appeal to the proper appellate court from any judgment rendered in accordance with the provisions of this Chapter. Except as provided in this Section, the procedure for appeal and the effect thereof shall be in accordance with the provisions of the Code of Civil Procedure.” [Emphasis supplied] L.S.A.-R.S. 23:1351(A).
Appellant contends that the phrase “any judgment” includes the interlocutory judgment of the overruling of an exception of prematurity. However, his argument fails to consider the remainder of the statute which clearly provides that appellate procedure shall be in accordance with the Louisiana Code of Civil Procedure. The Code of Civil Procedure specifically provides for an appeal of an “interlocutory judgment” which may cause irreparable injury. L.S. A.-C.C.P. Art. 2083; Head, supra.
Ace also cites cases in brief which construe L.S.A.-23:1351(A) as allowing the appeal of a preliminary judgment pursuant to L.S.A.-R.S. 23:1316. Braddy v. Triangle Timber, Inc., 345 So.2d 1252 (La.App. 1st Cir.1977); Sciortino v. Levitz Furniture Co., 375 So.2d 1197 (La.App. 4th Cir.1979); Pearson v. Aetna Casualty and Surety Company and Pala Inc., 460 So.2d 11 (La.App. 1st Cir.1984).
At the outset we note that these cases are distinguishable since the instant case does not deal with a preliminary judgment rendered pursuant to L.S.A.-R.S. 23:1316.
In Braddy, supra the first circuit considered the issue of whether a preliminary judgment which had been rendered in favor of the claimant was appealable. The court dealt specifically with L.S.A.-R.S. 23:1316 which provides for a preliminary judgment in favor of a claimant when no answer has been filed within the delay provided by L.S.A.-R.S. 23:1315. The court held that the preliminary judgment in favor of the claimant constituted an appeal- *1204 able judgment whether or not it was interlocutory. See also Pearson, supra.
The fourth circuit has followed the first circuit in holding that a preliminary judgment entered against an employer who does not answer pursuant to L.S.A.-R.S. 23:1316 is appealable. Sciortino, supra.
The third circuit, however, takes an opposite view to that of the first and fourth circuit. In Vizina v. Industrial Indemnity Company, 374 So.2d 753, 754 (La.App. 3rd Cir.1979) writ denied 376 So.2d 964 (La.1979) the court held that a preliminary judgment entered pursuant to L.S. A.-R.S. 23:1316 “is in the nature of a preliminary assessment against the employer for his failure to answer and is interlocutory in nature and unappealable.”
We further note that the Louisiana Supreme Court in its denial of the writ of review of Vizina, supra stated that “Writ denied. No error of law.” 376 So.2d 964 (La.1979). Thus, the holding in Braddy, supra, Sciortino, supra and Pearson, supra recognizing the appealability of a preliminary judgment pursuant to L.S.A.-R.S. 23:1316 has been called into question by the Louisiana Supreme Court. Vizina, supra.
Since the overruling of the exception of prematurity is an interlocutory decree then a showing of irreparable injury must be made in order for it to be appealed. L.S. A.-C.C.P. Art. 2083, Head, supra
Therefore, we must first determine whether there has been irreparable injury in order to address the merits of the appeal. L.S.A.-C.C.P. Art. 2083; Head, supra.
In the malpractice area, the first and third circuits have considered irreparable injury to result when the defendant in a malpractice suit is prevented from first having the complaint heard by the medical review panel. L.S.A.-R.S. 40:1299.41 et seq; Head, supra; Cashio v. Baton Rouge General Hospital, 378 So.2d 182 (La.App. 1st Cir.1979).
These cases, however, consider it to be irreparable injury when the defendant is precluded from ever being heard by the medical review panel.
In the instant case, Dimarco did submit his claim to the Office of Worker’s Compensation, however, he did not attach a certificate of rejection.
Since a claim has been submitted to the Office of Worker’s Compensation, we find that the defendant-appellant has failed to show irreparable injury. Moreover, a judgment which requires that the parties go to trial does not constitute irreparable harm so. as to be immediately ap-pealable. Yeager v. Baton Rouge General Hospital, 469 So.2d 47 (La.App. 1st Cir. 1985). Updegraff v. Parish of St. Bernard, 433 So.2d 863 (La.App. 4th Cir.1983).
Appellant is not, however, without any remedy since the final judgment could be appealed if it is adverse. At that time Ace would then have the right to appeal these issues. Fireman’s Pension and Relief Fund v. Boyer, 420 So.2d 1323 (La.App. 3rd Cir.1982).
For the reasons stated above we dismiss Ace’s appeal ex proprio motu at its costs.
APPEAL DISMISSED.