WICKER, Judge.
Hartco, Inc. appeals from a judgment of the trial court which denied its peremptory exceptions of no cause of action, no right of action, and prescription. We dismiss Hart-co’s appeal, since we find that this is not an appealable judgment.
Woodruff & Munson, Inc., d/b/a Carpet and Tile Center, contracted with Linda Forest for the installation of random plank pattern plus wood slat flooring at Forest’s home. Woodruff & Munson, Inc. ordered the flooring from its supplier, New Orleans Flooring Supply Co., Inc., which in turn obtained the flooring from Hartco, Inc. The flooring was allegedly defective, and Forest refused to pay either for the flooring or for the unsuccessful attempt to correct the problem. Woodruff & Munson, Inc. sued Hartco, Inc. for breach of contract under redhibition.
Hartco, Inc. initially filed three exceptions: (1) no cause of action, alleging that since the material had already been installed in Forest’s home and could not be returned to Hartco, Inc., rescission of the sale was not a proper remedy; (2) no right of action, alleging that a seller’s right of recovery against a manufacturer was limited to instances where the seller had been held liable to the ultimate purchaser; and (3) prescription, alleging that the sale took place more than one year prior to filing suit. Woodruff & Munson, Inc. countered by supplementing its petition to allege that Forest had assigned to it any rights or causes of action for redhibition, rescission, and breach of contract.
Hartco, Inc. reurged its exceptions. It argued that the allegations of the supplemental petition were irrelevant since Wood-ruff & Munson, Inc. continued to seek its own damages and not Forest’s. The trial judge denied all three exceptions. At Hart-co, Inc.’s request, the trial judge stayed the proceedings pending this appeal.
In addition to its appeal, Hartco, Inc., asks for the alternative of supervisory writs. It argues
it will suffer prejudice and irreparable injury should review of the issues presented not be provided by the appel *498 late court at this time, in that it will be forced to proceed to a trial on the merits [and] may be held at a later time to have waived its objection to further proceedings in the trial court in the event it does not have the opportunity for appellate review on the issues raised....
Woodruff & Munson, Inc., while not filing a brief, has asked us to dismiss this appeal on the grounds that the judgment in question is a non-appealable interlocutory one. We ordered the parties to show cause why the appeal should not be dismissed under the rationale of Dimarco v. Ace Transportation, Inc., 496 So.2d 1201 (La.App. 5th Cir.1986).
We have reviewed the responses of the parties to this order, and we conclude that the principles enunciated in Dimarco are applicable here. In that case, we held that a judgment overruling exceptions is an interlocutory one. For an interlocutory judgment to be appealable, the appellant must show that the judgment will cause irreparable harm. Simply having to go to trial does not constitute irreparable harm, and any adverse judgment can be appealed in the usual manner. Dimarco v. Ace Transportation, Inc., supra.
We hold that Hartco, Inc. has failed to show irreparable harm. We therefore dismiss its appeal and, concurrently, deny its request for supervisory writs for the same reasons.
APPEAL DISMISSED.