pleadings by defendant, was correct. The motion and the tender were, for all practical purposes, simultaneous, and this being true, the pleadings were timely offered. Even though, arguendo, it be admitted that the offer to file the pleadings was subsequent in point of time to the motion, the court's ruling could not, for that reason, be successfully assailed as being unwarranted. The motion had not been passed on, and under the terms of the statute, the judge then had the authority to grant the defendant additional time in which to answer, if asked for. Such was unnecessary in view of the status of the case at the time.

The principle here discussed was to some extent considered by this court in Hollinsworth v. Crossett Lumber Co., 153 So. 722 and Hill v. Southern Advance Bag & Paper Co., 151 So. 241. What is said in these cases on the point, directly or collaterally, is adverse to plaintiff's position here.

There is no judgment in the record, but simply a minute entry of the court's action on plaintiff's motion.

■ The court's ruling, from which appeal was improvidently granted, is interlocutory in character (Code of Practice, art. 538). It decided nothing definite so far as the merits of the case are concerned. Plaintiff's rights have not, to any extent, been prejudiced thereby. He may proceed with a trial of the case on its merits as though this appeal had not been taken and prosecuted. He was not entitled to the preliminary judgment asked for.

■ For the reasons assigned herein, this appeal is dismissed at plaintiff's cost and the case is remanded to the lower court for further proceedings.

Wood & Wood, of Leesville, for appellant.

J. S. Pickett, of Many, for appellee.

TALIAFERRO, Judge.

This appeal was consolidated for argument with case No. 5916, entitled Edward Griffith v. Wyatt Lumber Co., Inc., 193 So. 257, on the docket of this court decided today.

The issues tendered by the appeal and the questions submitted therein for decision are identical with those in said case No. 5916. And for the reasons assigned in the opinion rendered therein, this appeal is dismissed at plaintiff's cost. The case is remanded for further proceedings.

**ZUZAK v. QUERBES.**

No. 5924.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1939.

Charley JOHNSON, Plaintiff-Appellant, v. WYATT LUMBER CO., Inc., Defendant-Appellee.

No. 5915.

Court of Appeal of Louisiana. Second Circuit.

Nov. 3, 1939.

