**GRIFFITH v. WYATT LUMBER CO., Inc.**

**No. 5916.**

Court of Appeal of Louisiana.
Second Circuit.

Nov. 3, 1939.

Wood & Wood, of Leesville, for appellant.

J. S. Pickett, of Many, for appellee.

Taliaferro, Judge.

Plaintiff, alleging physical injury to himself while performing the duties of his employment with defendant, sues to recover workmen's compensation. Pursuant to prayer therefor, the District Judge fixed the case for hearing at the hour of 10 o'clock A. M., November 17, 1938. During motion hour the morning of that day, presumably at or about 10 o'clock, defendant having filed no pleadings, plaintiff, through counsel, moved for judgment on the face of the papers as is authorized by Paragraph 3 of Section 18, Act No. 20 of 1914, as amended by Act No. 85 of 1926. Simultaneous, or practically so, with this motion, defendant's counsel tendered for filing an exception and an answer to the merits, to which plaintiff's counsel objected as coming too late and persisted in his motion for judgment. The motion was overruled and the proffered pleadings allowed filed. Plaintiff, feeling aggrieved at this action of the court, appealed therefrom.

Defendant, in this court, has moved to dismiss the appeal on these grounds, to-wit: (1) That the court's action in denying plaintiff's motion was merely of an interlocutory character, not final nor definitive in any respect, and, therefore, may not be appealed from; and (2) that there is no signed judgment in the case from which an appeal could have been taken.

On the merits, defendant contends that as its answer was timely tendered for filing, and having been allowed filed, plaintiff's case does not fall within the terms of said cited section of the Workmen's Compensation law, which, so far as pertinent, we quote, to-wit: "If the time fixed for filing answer or delay, granted for filing answer by the respondent has elapsed without any answer having been filed, then upon simple request of the petitioner the Judge of the Court, with whom the complaint or petition has been filed, shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the verified [petition] filel by the petitioner."

The act further provides that if answer has been filed "within the delays allowed by law or granted by the Court", the judge shall hear witnesses and otherwise proceed with trial of the suit as in other cases.

We are certain the lower court's ruling on plaintiff's motion, after tender of

pleadings by defendant, was correct. The motion and the tender were, for all practical purposes, simultaneous, and this being true, the pleadings were timely offered. Even though, arguendo, it be admitted that the offer to file the pleadings was subsequent in point of time to the motion, the court's ruling could not, for that reason, be successfully assailed as being unwarranted. The motion had not been passed on, and under the terms of the statute, the judge then had the authority to grant the defendant additional time in which to answer, if asked for. Such was unnecessary in view of the status of the case at the time.

The principle here discussed was to some extent considered by this court in Hollinsworth v. Crossett Lumber Co., 153 So. 722 and Hill v. Southern Advance Bag & Paper Co., 151 So. 241. What is said in these cases on the point, directly or collaterally, is adverse to plaintiff's position here.

There is no judgment in the record, but simply a minute entry of the court's action on plaintiff's motion.

The court's ruling, from which appeal was improvidently granted, is interlocutory in character (Code of Practice, art. 538). It decided nothing definite so far as the merits of the case are concerned. Plaintiff's rights have not, to any extent, been prejudiced thereby. He may proceed with a trial of the case on its merits as though this appeal had not been taken and prosecuted. He was not entitled to the preliminary judgment asked for.

For the reasons assigned herein, this appeal is dismissed at plaintiff's cost and the case is remanded to the lower court for further proceedings.