SAVOY, Judge.
Plaintiff instituted this suit in workmen’s compensation for total permanent disability, medical expenses, penalties and attorney’s fees, against Coal Operators Casualty Company, the insurer of his former employer, Savoy Equipment, Inc. He alleged that in November, 1962, while performing his duties as a maintenance man for his employer in Evangeline Parish, Louisiana, he “suffered accidental injuries” in the nature of a contact dermatitis which has caused a scaly eruption of his hands, wrists, forearms, arms and face, causing him to he totally disabled under the act.
The suit was filed April 18, 1963. Service was made upon the defendant, a nonresident corporation, through the Secretary ■of State on April 19, 1963.
On April 30, 1963, plaintiff obtained a preliminary judgment as provided by LSA-R.S. 23:1315, 23:1316, for compensation in the sum of $35.00 per week beginning November 1, 1962, during disability, not to exceed four hundred weeks, to be payable until such time as the hearing of the issues on the merits be fixed by order of court at the request of defendant.
On May 6, 1963, plaintiff obtained a second preliminary judgment in the identical form of the one obtained April 30, 1963.
On May 8, 1963, the defendant filed a rule to show cause why the preliminary judgment issued April 30, 1963, should not be set aside. Also, the same date, a second such rule was issued against the preliminary judgment rendered May 6, 1963.
Additionally, on May 8, 1963, defendant filed exceptions of prescription, no cause of action and no right of action, and an answer to plaintiff’s petition.
Plaintiff then filed an answer to the two rules to show cause, wherein plaintiff acquiesced in the action of the district court in setting aside the preliminary judgment entered on May 6, 1963, but urged the validity of the preliminary judgment entered on April 30, 1963.
At the hearing of the rules to show cause, on May 10, 1963, the district court rendered judgment making the rules absolute and decreeing that the two preliminary judgments be declared set aside, void, and of no effect. In its reasons for judgment, the district court noted that the provisions of LSA-R.S. 23:1315 and 23 :- 1316, which create the right to the preliminary judgment, were not strictly complied with, inasmuch as no order was entered fixing the case for trial. Instead of the procedure outlined in the statute, which requires “A copy of the petition and the order shall be served as a summons in a civil action * * * ”, the petition was served on defendant with the customary citation requiring an answer within fifteen (15) days after service. Citing LSA-C.C.P. art. 2001 et seq., the district court held that a motion to vacate such judgments could be filed at any time, even after the expiration of the time al *278 lowed for application for a new trial. A formal decree was signed May 14, 1963.
Plaintiff has filed an appeal to this Court, urging that the district court erred in annulling the first preliminary judgment and stressing that the rule to set aside the preliminary judgment was in effect an application for a new trial and was filed too late. It is also urged that no action of nullity had been filed, and even should the rule to show cause be considered an action of nullity, that none of the grounds for nullity apply to this case.
The defendant has filed with this Court a motion to dismiss the appeal, urging that the judgments and rulings in the district court were not final judgments subject to appeal, but were interlocutory judgments, which will not result in irreparable injury to the plaintiff.
This Court is of the opinion that the motion to dismiss the appeal should be granted.
The judgment provided for in LSA-R. S. 23:1316 is styled a “preliminary” judgment, and has been held to be interlocutory in nature. In the case of Hill v. Southern Advance Bag and Paper Co. (La.App., 2 Cir., 1933), 151 So. 241, the court interpreted subsection 3 of section 18 of the source act, No. 85 of 1926, as follows:
“ * * * The purpose of the judgment permitted in subsection 3 is not to decide the case upon the merits, which decision is specifically deferred until a later hearing provided for, but to bring the case to an issue by penalizing delay in order that an injured workman may speedily obtain the relief to which he is entitled. For its rendition no proof is required except as to the fact of delay. The judgment is clearly not a final judgment, as it terminates as to further payments when the delay ceases. It would be abhorrent to any system of law and contrary to our practice to permit the rendition of a final judgment on the merits without default and without proper proof submitted on its confirmation. * * * ”
* * *
“Our Code of Practice divides judgments into two classes, interlocutory and final, which are different in effect and subject to different rules of construction and enforcement. Article-538 defines ‘interlocutory judgments” as those which ‘do not decide on the-merits; they are pronounced on preliminary matters, in the course of the-proceedings.’ We think that, in the light of this definition, the preliminary judgment provided for in subsection 3 is interlocutory and not final. * * * ”
Likewise, the decree which set aside the-preliminary judgments is interlocutory in, nature, since it does not determine the merits. Nor will the plaintiff suffer irreparable injury. The purpose of the preliminary judgment is to penalize delay on-, the part of the defendant. In this case, the defendant filed its answer and moved to-have the case fixed for trial on May 8, 1963, and has not delayed in any way the trial on the merits. Consequently, the district court’s action cannot be considered as-having caused the plaintiff irreparable injury.
By dismissing the appeal herein, we do-not pass upon the validity of the preliminary judgments or the action taken by the-district court in vacating the preliminary judgments. The parties hereto will have a right to have these matters reviewed by 4ppeal after the trial on the merits.
For the reasons assigned, the appeal is-. dismissed at the cost of appellant.
Appeal dismissed.