345 So.2d 1252 (1977)
Judy BRADDY
v.
TRIANGLE TIMBER, INC.
No. 11519.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
Henry A. Mentz, Jr., Hammond, for appellant.
Charles B. W. Palmer, Amite, for appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.

ON MOTION TO DISMISS
This is a workmen's compensation suit. On March 4, 1977, the Trial Court rendered both a preliminary judgment pursuant to LSA-R.S. 23:1316 as well as a judgment on the merits after a trial. On March 9, 1977, defendant was granted a suspensive appeal and filed the requisite bond.
Plaintiff has filed a motion to dismiss the appeal only insofar as it relates to the preliminary judgment contending that it is an interlocutory decree which is not appealable citing Vidrine v. Argonaut-Southwest Insurance Company, 166 So.2d 287 (La.App.3rd Cir. 1964); Naquin v. Coal Operators Casualty Co., 157 So.2d 276 (La.App.3rd Cir. 1963); and Griffith v. Wyatt Lumber Co., 193 So. 257 (La.App.2nd Cir. 1939).
In Vidrine, after a preliminary judgment had been rendered, the suit was dismissed as being premature, and thus with the dismissal fell the preliminary judgment. The Court in passing merely noted "that a preliminary judgment rendered in a workmen's compensation suit under the provisions of LSA-R.S. 23:1316 is not a final judgment but is interlocutory in nature."
In Naquin, the Court held that an order setting aside two previously granted preliminary judgments was interlocutory and nonappealable.
Similarly in Griffith the Court held that an order denying a preliminary judgment was interlocutory and nonappealable.
Generally appeals can only be taken from final judgments or "from an interlocutory *1253 judgment which may cause irreparable injury." LSA-C.C.P. art. 2083. Therefore, conceding arguendo that a preliminary judgment pursuant to LSA-R.S. 23:1316 is interlocutory rather than a final judgment, it could only be appealed if it may cause irreparable injury. However, we note that LSA-R.S. 23:1351 in part provides:
"Either party may appeal to the proper appellate court from any judgment rendered as provided in R.S. 23:1035 and in Part IV of this Chapter. * * *." (emphasis supplied)
The chapter that is referred to is Chapter 10 of Title 23, Labor and Workmen's Compensation. Part IV of Chapter 10 includes LSA-R.S. 23:1316, preliminary judgments. Therefore, the conclusion must be reached that even though generally interlocutory decrees are not appealable, a preliminary judgment pursuant to LSA-R.S. 23:1316, whether interlocutory or not, is appealable. As between a general and a special law, the special law controls. We therefore conclude that there is no merit to plaintiff-appellee's argument that this is not an appealable judgment.
Therefore, for the above and foregoing reasons the motion to dismiss is denied. All costs of this proceeding before this Court are taxed to plaintiff-appellee.
MOTION DENIED.