374 So.2d 753 (1979)
Pershing J. VIZINA, Plaintiff-Appellee,
v.
INDUSTRIAL INDEMNITY COMPANY, Defendant-Appellant.
No. 7302.
Court of Appeal of Louisiana, Third Circuit.
August 24, 1979.
Writ Refused October 26, 1979.
Allen, Gooch & Bourgeois, Keith M. Borne, Lafayette, for defendant-appellant.
Preston N. Aucoin, Ville Platte, for plaintiff-appellee.
Before WATSON, SWIFT and STOKER, JJ.

MOTION TO DISMISS
SWIFT, Judge.
Plaintiff-appellee, Pershing J. Vizina, moves to dismiss the suspensive appeal of the defendant-appellant on the grounds that the appeal was taken from a non-appealable preliminary judgment.
We grant the motion and dismiss the appeal.
The facts, succinctly stated, are that on May 15, 1979 plaintiff filed a petition for workmen's compensation benefits against *754 Industrial Indemnity Company, for injuries allegedly sustained while in the course and scope of his employment. On June 7, 1979 preliminary judgment was rendered against defendant-appellant, ordering compensation in the sum of $130.00 per week to be paid to petitioner until hearing on the merits could be held. From that preliminary judgment Industrial has perfected a suspensive appeal.
The plaintiff-appellee has timely filed a Motion to Dismiss the appeal on the grounds that a preliminary judgment rendered under the provisions of LSA-R.S. 23:1316 is a interlocutory judgment and as such unappealable. We agree.
This court, in Naquin v. Coal Operators Casualty Company, 157 So.2d 276 (La.App. 3rd Cir. 1963), addressed this subject and held,
"This Court is of the opinion that the motion to dismiss the appeal should be granted.
The judgment provided for in LSA-R.S. 23:1316 is styled a `preliminary' judgment, and has been held to be interlocutory in nature. In the case of Hill v. Southern Advance Bag and Paper Co. (La.App., 2 Cir., 1933), 151 So. 241, the court interpreted subsection 3 of section 18 of the source act, No. 85 of 1926, as follows: `* * * The purpose of the judgment permitted in subsection 3 is not to decide the case upon the merits, which decision is specifically deferred until a later hearing provided for, but to bring the case to an issue by penalizing delay in order that an injured workman may speedily obtain the relief to which he is entitled. For its rendition no proof is required except as to the fact of delay. The judgment is clearly not a final judgment, as it terminates as to further payments when the delay ceases. It would be abhorrent to any system of law and contrary to our practice to permit the rendition of a final judgment on the merits without default and without proper proof submitted on its confirmation. * * *'
* * * * * *
`Our Code of Practice divides judgments into two classes, interlocutory and final, which are different in effect and subject to different rules of construction and enforcement. Article 538 defines "interlocutory judgments" as those which "do not decide on the merits; they are pronounced on preliminary matters, in the course of the proceedings." We think that, in the light of this definition, the preliminary judgment provided for in subsection 3 is interlocutory and not final. * * *'

Likewise, the decree which set aside the preliminary judgments is interlocutory in nature, since it does not determine the merits. Nor will the plaintiff suffer irreparable injury. The purpose of the preliminary judgment is to penalize delay on the part of the defendant. In this case, the defendant filed its answer and moved to have the case fixed for trial on May 8, 1963, and has not delayed in any way the trial on the merits. Consequently, the district court's action cannot be considered as having caused the plaintiff irreparable injury." (Emphasis added by the trial court)
While we recognize that our brethren of the First Circuit has held contra, Braddy v. Triangle Timber, Inc. (La. App. 1st Cir. 1977), 345 So.2d 1252, and decided that such a preliminary judgment interlocutory or not, can be appealed, we choose to stand with our previous holding in Naquin. As Judge Savoy pointed out in that case, the purpose of the preliminary judgment is to penalize delay on the part of the defendant, and as such, is in the nature of a preliminary assessment against the employer for his failure to answer and is interlocutory in nature and unappealable.
For the reasons assigned, the appeal of the defendant-appellant is hereby dismissed at his costs.
DISMISSED.