YELVERTON, Judge.
Plaintiff-employee, Joyce Romero, brought this action against her employer’s insurer, State Farm Fire & Casualty Company, for workmen’s compensation benefits. Defendant filed an exception of prematurity which the trial court sustained. The plaintiff appeals. We affirm.
The present appeal was consolidated with another appeal from a subsequent ruling on a separate exception of prematurity arising out of the same claim, Romero v. State Farm Fire & Casualty Co., 452 So.2d 382 (La.App. 3rd Cir.1984). We are this date rendering a separate opinion in the other appeal.
The procedural facts, insofar as they relate to the instant exception of prematurity, are as follows.
The plaintiff was injured on June 28, 1982, and began receiving workmen’s compensation benefits in July 1982. On April 15, 1983, plaintiff filed this suit alleging that her compensation benefits had been terminated on March 30, 1983. State Farm filed an exception of prematurity pursuant to LSA-R.S. 23:1314 which was heard on July 14, 1983. At the hearing John Strange, a field claims representative for State Farm, testified that State Farm had not terminated or denied the plaintiff benefits. Further testimony revealed that State Farm regularly mailed the plaintiff her benefit checks from July 2, 1982, to July 6, 1983, and that a check had been issued on March 29, 1983. The defendant also introduced into evidence copies of the checks issued to the plaintiff including the March 29, 1983, check. The plaintiff admitted that she had been receiving a check every two weeks since her injury and that the only time she did not get one was on March 30, 1983. Based on this evidence, the trial court sustained the exception and dismissed the plaintiff’s suit.
The sole issue on appeal is whether the trial court erred in sustaining the defendant’s exception of prematurity.
The Supreme Court in Patton v. Silvey Companies, 395 So.2d 722 (La.1981), in discussing the exception of prematurity pursuant to R.S. 23:1314, interpreted the statute as follows:
“[3] Our workman’s compensation statute requires that to avoid the employer’s exception of prematurity the workman must allege and be able to prove that, at the time suit is filed, he “is not being or has not been paid, and that the employer has refused to pay” the benefits to which the claimant is entitled; he must show that his allegations are with “... reasonable cause or foundation in fact...”, or else similarly have his suit dismissed as premature. The question of whether or not his allegations are “... justified under the facts shall be determined by the court...” R.S. 23:1314.5
One possible construction of these provisions of R.S. 23:1314 is that justification “under the facts” for the claimant’s allegation of nonpayment concerns whether plaintiff is or is not being paid his compensation, whether the employer has or has not refused to pay. Thus, according to this interpretive version of the statute, most favorable to plaintiff, if he is not being paid at the institution of suit, his suit is not premature.
An alternate interpretation which we consider more reasonable and appropriate is that justification “under the facts” coupled with the outset requirement, ' among others, that plaintiff must allege and prove “the employer has refused to pay” requires the court to determine more than simply whether plaintiff is receiving compensation; rather, the court must determine whether the em *382 ployer has unreasonably determined to terminate benefits, or has unreasonably refused to pay.
It is by virtue of the latter interpretation that Malone espouses and Jack v. Fidelity and Casualty Co. of New York, supra, has applied the three considerations noted above, namely whether there existed a reasonableness in ceasing to make payments, promptness in resuming them, and manifestation of a desire to cooperate.” (footnote omitted)
In the present case the facts reveal that the defendant has not refused to pay the plaintiff her compensation benefits. The plaintiff has continually received her checks up to the date of the hearing with the exception of the March 30, 1983, payment. The State Farm representative testified that the missing payment in the form of a check dated March 29, 1983, was mailed to the plaintiff. The trial judge evidently believed the witness for State Farm. Under these facts the defendant did not terminate or refuse to pay the plaintiff compensation benefits. The trial court properly sustained the defendant’s exception of prematurity.
For the above reasons the judgment of the trial court is affirmed at plaintiff’s costs.
AFFIRMED.