YELVERTON, Judge.
Plaintiff-employee, Joyce Romero, brought this action against her employer's insurer, State Farm Fire & Casualty Company, for workmen’s compensation benefits. Defendant filed an exception of prematurity which the trial court sustained. The plaintiff appeals. We reverse.
The present appeal was consolidated with another appeal from an earlier ruling on a separate exception of prematurity arising out of the same claim, Romero v. State Farm Fire & Casualty Co., 452 So.2d 380 (La.App. 3rd Cir.1984). We are this date rendering a separate opinion in the other appeal.
The procedural facts, insofar as they relate to the instant exception of prematurity, are as follows.
The plaintiff was injured on June 28, 1982, and began receiving compensation benefits in July 1982. On January 10, 1984, plaintiff filed this suit alleging that her compensation benefits had been wrongfully terminated by the defendant on December 26, 1983. On January 26, 1984, the defendant filed an exception of prematurity. On January 27, 1984, a preliminary judgment as provided by LSA-R.S. 23:1316 was rendered against State Farm because the time fixed by law for filing an answer had elapsed without an answer having been filed by defendant. The judgment ordered the defendant to pay plaintiff $76 per week until a hearing on the merits could be obtained. On February 2, 1984, plaintiff filed a rule to show cause why the defendant’s exception of prematurity should not be declared moot since a preliminary judgment had been issued. Also on February 2, 1984, defendant filed a motion to vacate the preliminary judgment asserting that a responsive pleading (the exception of prematurity) had been filed prior to the preliminary judgment on January 27.
The minutes in the suit record reflect that on February 8, 1984, the court denied the motion to vacate the preliminary judgment. State Farm filed an answer on February 28, 1984. On March 2, 1984, a hearing was held on defendant’s exception of prematurity and on plaintiff’s rule to show cause why the exception of prematurity should not be declared moot. The trial court rendered judgment denying plaintiff’s rule to show cause and sustaining the defendant’s exception of prematurity. These are the rulings that brought this appeal before us.
The ultimate issue on appeal is whether the trial court erred in sustaining State Farm’s exception of prematurity. We find that this was error.
The differences in procedure for the institution of workmen’s compensation suits from that in ordinary suits were discussed in Fontenot v. Great American Indemnity Co., 127 So.2d 822 (La.App. 3rd Cir.1961). One of these differences is that the filing of exceptions to a workmen’s compensation petition does not relieve the defendant of the statutory requirement to file an answer within 10 days after service of plaintiff’s petition. See Duplechien v. States Exploration Company, 94 So.2d *384 460 (La.App. 1st Cir.1957) and Dolloile v. Landry, 234 So.2d 492 (La.App. 4th Cir.1970).
The purpose of the preliminary judgment is to penalize delay on the part of the defendant and is in the nature of a preliminary assessment against the defendant for his failure to answer. Vizina v. Industrial Indem. Co., 374 So.2d 753 (La.App. 3rd Cir.1979), writ denied 376 So.2d 964 (La.1979). The defendant could have protected itself against a preliminary judgment by filing its answer or obtaining an extension of time for answering from the court. Since the defendant had not answered the petition and had not obtained an extension of time from the court as permitted under R.S. 23:1315, a preliminary judgment upon request was mandatory. The rendition of a preliminary judgment in favor of plaintiff was proper.
The exception of prematurity in a workmen’s compensation case is provided by LSA-R.S. 23:1314. Its purpose is to effect dismissal of a petition premature because of a failure to make allegations which Section 1314 indicates are essential. Nothing in Section 1314, however, indicates that the filing of the answer is affected by the filing of an exception of prematurity. In fact, the contrary appears, for in the succeeding Section 1315 it is required that the defendant answer the petition within 10 days from service, the only exception to this rule being that the court may in its discretion grant further time for filing the answer.
The next succeeding section, LSA-R.S. 23:1316, states as follows:
If the time fixed for filing the answer has elapsed without any answer having been filed, then upon simple request of the petitioner the court shall immediately enter a preliminary judgment in favor of the petitioner in accord with the facts set forth in the petition and the provisions of this Chapter providing for payment of such compensation as is claimed to be payable until such time as the hearing of the issues on the merits is fixed by an order of court at the request of the defendant. The hearing on the merits shall be fixed in the same manner as the first hearing is fixed under R.S. 23:1315. (Emphasis added.)
The above emphasized language indicates that the Legislature intended a preliminary judgment rendered under the provisions of LSA-R.S. 23:1316 to remain in effect until a hearing of the issues on the merits. We find that an exception of prematurity cannot be used to dismiss plaintiffs suit once a court has rendered a preliminary judgment in favor of the plaintiff. For these reasons we find that the trial court erred in sustaining the defendant’s exception of prematurity after a preliminary judgment had been rendered.
For the above reasons we reverse the trial court’s judgment sustaining the exception of prematurity and remand to the district court for further proceedings consistent with this opinion. Costs of this appeal shall be paid by appellant, trial court costs to await the outcome of the trial.
REVERSED AND REMANDED.