LABORDE, Judge.
MOTION TO DISMISS
This is a worker’s compensation suit in which the plaintiff-appellee, Hilda Poullard, has obtained a preliminary judgment against the defendant-appellant, Aetna Casualty and Surety Company (Aetna) pursuant to LSA-R.S. 23:1315 and 23:1316. The worker’s compensation statute provides for a preliminary judgment to be granted against a defendant who does not answer the petition of the plaintiff within ten (10) days. The purpose of this procedural device is to discourage delay by the assessment of this penalty, and to insure that workers get prompt relief by a quick resolution of the issues involved in the case. Romero v. State Farm Fire and Cos. Co., 452 So.2d 382 (La.App. 3rd Cir.1984, Naquin v. Coal Operators Casualty Company, 157 So.2d 276 (La.App. 3rd Cir.1963).
After the preliminary judgment was signed on January 7, 1987, the defendant filed an answer on January 30, 1987, and at the same time requested a hearing on the merits, as LSA-R.S. 23:1316 provides. On February 12, 1987, Aetna filed a petition for suspensive appeal, in order to appeal the preliminary judgment signed on January 7, 1987. From the record, it is apparent the case is proceeding, as discovery is continuing in the lower court, as well as the defendant filing at least one exception. The appellee filed the instant motion to dismiss on the grounds that the preliminary judgment is not a final appealable judgment in accordance with LSA-C.C.P. Art. 2083.
LSA-C.C.P. Art. 2083 provides in part:
An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, ...
LSA-R.S. 23:1351 provides in part:
A. Either party may appeal to the proper appellate court from any judgment rendered in accordance with the provisions of this Chapter ...
The appellant argues the more particular statute, LSA-R.S. 23:1351 controls, and that a preliminary judgment is appealable. Our brothers of the First and Fourth Circuits also seized upon this language to come to the same conclusion. Sciortino v. Levitz Furniture Co., 375 So.2d 1197 (La. App. 4th Cir.1979), Braddy v. Triangle Timber, Inc., 345 So.2d 1252 (La.App. 1st Cir.1977). It is interesting to note however, that instead of actually reviewing the case, the Fourth Circuit remanded the case in order to avoid delay, so that the merits of the case could be disposed of. Similarly, in the case sub judice, the merits have not been addressed and this case is in the same procedural posture as the Braddy, supra, case was.
This court has previously held that a preliminary judgment, which a trial court must mandatorily grant if a defendant makes no appearance within the requisite time frame, is an interlocutory, non-appeal-able judgment. Vizina v. Industrial Indem. Co., 374 So.2d 753 (La.App. 3rd Cir.1979), writ denied 376 So.2d 964 (La.1979), Naquin, supra.
As our brothers of the Fourth Circuit realized, the appellant’s remedy from the assessment of a preliminary judgment against him lies in a hearing on the merits, which is provided by statute. See LSA-R.S. 23:1316. The judgment is clearly not a final judgment, as it can be terminated when the delay ceases and a hearing on the merits is had. Vizina supra at 754.
LSA-C.C.P. Art. 1841 provides in part:
... A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment ... (Emphasis added)
*1184 The appellant can not suffer irreparable injury because the district court’s actions concerning a hearing on the merits will occur before the appellate process is over, thus, the only end the appellant seems to desire to achieve is delay, by prosecuting this suspensive appeal. Clearly, the entire purpose of the preliminary judgment would be negated if the appellant is allowed to further delay the proceedings, since the suspensive appeal is preventing any penalizing effect of the preliminary judgment to discourage delay on the defendant-appellant’s part.
We think it more in keeping with the purpose of LSA-R.S. 23:1315 and 23:1316 to adhere to our previous holding in Na-quin supra, and hold that the purpose of the preliminary judgment is to penalize delay on the part of the defendant-appellant, and as such, is in the nature of a preliminary assessment against the employer for his failure to answer, and is interlocutory in nature and unappealable. See also Vizi-na, supra at 754.
For the reasons assigned, the appeal of the defendant-appellant is hereby dismissed at his costs.
APPEAL DISMISSED.