527 So.2d 1120 (1988)
Thelma NOTORIANO
v.
Rebecca ANTHONY.
No. CA 88 0260.
Court of Appeal of Louisiana, First Circuit.
June 21, 1988.
James E. Cazalot, Jr., New Orleans, for plaintiff-appellant.
Leonard Yokum, Jr., Hammond, for defendant-appellee.
Before SHORTESS, LANIER and CRAIN, JJ.
*1121 LANIER, Judge.
This action is a suit by a worker against her employer to enforce a recommendation of the Louisiana Office of Worker's Compensation. After the employer filed an answer (which was essentially a general denial), the worker filed motions for judgment on the pleadings and summary judgment. The employer filed an amended answer and a counter affidavit. After a hearing, the trial court denied both motions. The worker then took this devolutive appeal.
La.C.C.P. art. 968 provides, in pertinent part, as follows: "An appeal does not lie from the court's refusal to render any judgment on the pleading or summary judgment." This rule of law was discussed in Schaefer v. Lynch, 406 So.2d 185, 187 (La.1981), as follows:
Summary judgment is designed to dispose of frivolous demands and defenses. It is appropriate only when there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. There is no right to appeal from a court's refusal to render a summary judgment. LSA-C. C.P. art. 968. Official revision comment (d) under that article states:
"Since a trial court's action in overruling a motion for judgment on the pleadings, or for summary judgment, is merely an interlocutory judgment causing no irreparable injury, it cannot be appealed, except under the appeal from the final judgment rendered in the case."
For this reason, on our own motion, we issued an order to the employee to show cause why this appeal should not be dismissed. In response to this order, the employee asserts she is entitled to an appeal pursuant to La.R.S. 23:1351(A) and the cases of Pearson v. Aetna Casualty and Surety Company, 460 So.2d 11 (La.App. 1st Cir.1984); Sciortino v. Levitz Furniture Company, 375 So.2d 1197 (La.App. 4th Cir.1979); and Braddy v. Triangle Timber, Inc., 345 So.2d 1252 (La.App. 1st Cir.1977). La.R.S. 23:1351(A) provides as follows:
Either party may appeal to the proper appellate court from any judgment rendered in accordance with the provisions of this Chapter. Except as provided in this Section, the procedure for appeal and the effect thereof shall be in accordance with the provisions of the Louisiana Code of Civil Procedure. (Emphasis added.)
The employee asserts the words "any judgment" applies to a judgment which denies a motion for summary judgment.
La.R.S. 23:1351(A) and La.C.C.P. art. 968 are statutes and, as such, should be interpreted in accordance with the following rules set forth in Bunch v. Town of St. Francisville, 446 So.2d 1357, 1360 (La.App. 1st Cir.1984), as follows:
When a law or ordinance is clear and free from all ambiguity, it must be given effect as written....
When interpreting a law (ordinance), the court should give it the meaning the lawmaker intended. It is presumed that every word, sentence or provision in the law was intended to serve some useful purpose, that some effect is to be given to each such provision, and that no unnecessary words or provisions were used. Conversely, it will not be presumed that the lawmaker inserted idle, meaningless or superfluous language in the law or that it intended for any part or provision of the law to be meaningless, redundant or useless. The lawmaker is presumed to have enacted each law with deliberation and with full knowledge of all existing laws on the same subject. The meaning and intent of a law is to be determined by a consideration of the law in its entirety and all other laws on the same subject matter, and a construction should be placed on the provision in question which is consistent with the express terms of the law and with the obvious intent of the lawmaker in enacting it. Where it is possible to do so, it is the duty of the courts in the interpretation of laws to adopt a construction of the provision in question which harmonizes and reconciles it with other provisions. A construction of a law which creates an inconsistency should be avoided when a *1122 reasonable interpretation can be adopted which will not do violence to the plain words of the law and will carry out the intention of the lawmaker.
. . . . .
When the expressions of a law are "dubious", the most effectual way of discovering the true meaning of the law is to consider the reason and spirit of it, or the cause which induced the lawmaker to enact it.... When a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is to be preferred over one which renders part thereof ridiculous or nugatory.... If there is an irreconcilable conflict between the provisions of a law, only one provision can prevail.
By its own words, La.R.S. 23:1351(A) applies to any judgment "rendered in accordance with the provisions of this Chapter." La.R.S. 23:1351(A) is in Chapter 10 (Worker's Compensation) of Title 23 (Labor and Worker's Compensation) of the Louisiana Revised Statutes. The judgments provided for in Chapter 10 of Title 23 are (1) a preliminary judgment where a defendant has not timely answered, La.R.S. 23:1316, (2) a judgment on the merits, La.R.S. 23:1317, and (3) a judgment approving a consensual modification of a judgment, La.R.S. 23:1331. Chapter 10 of Title 23 does not provide for a summary judgment; this procedural device is found in the Code of Civil Procedure. As previously indicated, the summary judgment procedure is designed to dispose of frivolous demands and defenses. A judgment overruling a motion for summary judgment (or a motion for a judgment on the pleadings) is not a preliminary judgment, a judgment on the merits or a judgment approving a consensual modification of a judgment as provided for in Chapter 10 of Title 23. Therefore, it is clear that La.R.S. 23:1351(A) is not applicable to a judgment which overrules (denies) a motion for summary judgment in a worker's compensation case. Cf. Bourgeois v. Brown & Root, Inc., 303 So.2d 217 (La.App. 4th Cir.1974). The appellant's relief from such a judgment is an expedited trial on the merits as provided for in La.R. S. 23:1315.
The Pearson, Sciortino and Braddy cases cited by the appellant all involve appeals from preliminary judgments as provided for in La.R.S. 23:1316.[1] These cases do not involve overruling of summary judgments.
For the foregoing reasons, we find that La.C.C.P. art. 968 is controlling, and the appeal is ordered dismissed at appellant's cost.
APPEAL DISMISSED.
NOTES
[1] In Poullard v. Aetna Casualty and Surety Company, 504 So.2d 1182 (La.App. 3rd Cir.1987), the Third Circuit declined to follow Sciortino and Braddy and held a preliminary judgment was not appealable.