FOIL, Judge.
Plaintiffs-appellees have filed this motion to dismiss alleging that a preliminary judgment rendered in a worker’s compensation *1236 case is an interlocutory judgment and therefore non-appealable.
Sandra and Central Flot filed suit against Transportation Insurance Company (allegedly the worker’s compensation insurer for Pizza Time Theatre, Inc.), seeking worker’s compensation for an injury Mrs. Flot sustained during the course and scope of her employment with Pizza Time. Transportation Insurance filed a peremptory exception raising the objection of no cause of action, alleging it did not insure Pizza Time. Thereafter, plaintiffs amended their petition, naming as defendants Pizza Time and Ideal Mutual Insurance Company (allegedly the worker’s compensation insurer for Pizza Time).
When the defendants did not file an answer, plaintiffs moved for a preliminary judgment pursuant to La.R.S. 23:1316. According to Section 1316, when no answer is filed in a worker’s compensation suit, a preliminary judgment shall be rendered awarding compensation in accordance with the plaintiff’s petition until a hearing on the merits is fixed. In the instant case the trial court rendered a preliminary judgment on May 2, 1985. Thereafter, on June 10, 1985, plaintiffs again amended their petition and added the Louisiana Insurance Guaranty Association (LIGA) as a defendant. Plaintiffs alleged that Ideal had been declared insolvent and that LIGA was assuming Ideal’s obligations pursuant to La. R.S. 22:1375.
LIGA filed an answer on July 31, 1985. In addition, LIGA filed a motion to set aside/annul the preliminary judgment. The trial court denied that motion. Thereafter, LIGA filed a motion for a new trial which the trial court also denied. LIGA then filed a suspensive appeal with this court. Plaintiffs-appellees have responded with this motion to dismiss, arguing that neither a preliminary judgment nor a motion for new trial is appealable.
In Braddy v. Triangle Timber, Inc., 345 So.2d 1252 (La.App. 1st Cir.1977), this court stated a preliminary judgment, whether interlocutory or not, is appealable pursuant to La.R.S. 23:1351. Section 1351 states that either party may appeal from “any judgment rendered in accordance with the provisions of this Chapter.” The chapter referred to is Chapter 1 of Title 23, Worker’s Compensation. Chapter 10 includes Section 1316 which authorizes preliminary judgments.
In Sciortino v. Levitz Furniture Co., 375 So.2d 1197 (La.App. 4th Cir.1979), the Fourth Circuit followed Braddy, supra. However, the court did note that the sus-pensive appeal of the preliminary judgment was delaying the ultimate adjudication of plaintiff’s claim. Therefore, they remanded the original record to the trial court for action on the pending motion to fix for trial, while retaining the appeal of the preliminary judgment.
In Poullard v. Aetna Cas. and Sur. Co., 504 So.2d 1182 (La.App. 3d Cir.1987) and Vizina v. Industrial Indemn. Co., 374 So. 2d 753 (La.App. 3d Cir.1979), writ denied 376 So.2d 964 (La.1979), the Third Circuit took the opposite view and ruled that a preliminary judgment was interlocutory and non-appealable. The Louisiana Supreme Court in its denial of the writ of review of Vizina, supra, stated “Writ Denied. No error of law.”
Based on the Braddy case, which came out of this circuit, we rule that the preliminary judgment is appealable.
Next, plaintiffs-appellees contend that the denial of defendant’s motion for new trial is interlocutory and non-appeal-able. Generally, an order denying a motion for a new trial is a non-appealable judgment. However, an appeal from an otherwise unappealable interlocutory judgment is permitted when it forms part of an unrestricted appeal from a final judgment. Core v. Winn-Dixie of Louisiana, Inc., 471 So.2d 240 (La.App. 1st Cir.1985), writ denied, 476 So.2d 353 (La.1985). Because the appeal of the denial of the motion for new trial forms a part of the appeal of the preliminary judgment, it is properly before this court.
Finally, in the event the appeal is not dismissed, plaintiffs-appellees request that it be converted from a suspensive to a devolutive appeal. Specifically, they con *1237 tend that appellant is not entitled to a suspensive appeal from a preliminary judgment. The purpose of a preliminary judgment is to penalize delay on the part of the defendant, and as such, is in the nature of a preliminary assessment against the employer for his failure to answer. Plaintiffs-appellees argue that the penalizing effect of the preliminary judgment would be negated and would cause irreparable injury if appellant is allowed a suspensive appeal.
La.R.S. 23:1351 states as follows:
“A. Either party may appeal to the proper appellate court from any judgment rendered in accordance with the provisions of this Chapter. Except as provided in this Section, the procedure for appeal and the effect thereof shall be in accordance with the provisions of the Louisiana Code of Civil Procedure.
“B. In worker’s compensation cases in which a judgment includes an award of benefits which are to accrue over an indeterminable period of time, the amount of security for a suspensive appeal shall exceed by one-half all benefits and damages due at rendition of the judgment plus all of the benefits, undiscounted, which will accrue during the pendency of the appeal as estimated by the trial court, and including interest allowed by the judgment to the date the security is furnished, exclusive of costs.”
Because the above statute refers specifically to the method for determining the amount of the suspensive appeal bond for worker’s compensation cases, we are of the opinion that appellant is entitled to a sus-pensive appeal.
For the foregoing reasons, the motion to dismiss the appeal is denied and the appeal is maintained as a suspensive appeal.
MOTION DENIED.