KNOLL, Judge.
This appeal concerns whether the provisions of LSA-R.S. 23:1034 (A) and (B), which exempt sheriffs’ deputies from the Worker’s Compensation Law with the exception of criminal deputies of the Orleans Parish Sheriff's Office, are unconstitutional.
Harlan Hazelton (hereafter Hazelton), an Evangeline Parish Sheriff’s Deputy, appeals the dismissal of his worker’s compensation claim against the State of Louisiana. The trial court vacated a preliminary judgment rendered against the State, granted the State’s motion for judgment on the pleadings, denying Hazelton worker’s compensation benefits because sheriff’s deputies, with the exception of criminal deputies in Orleans Parish, are excepted from coverage under Louisiana’s worker’s compensation law and dismissed Hazelton’s rule to compel the State to show cause why it should not comply with the preliminary judgment.
Hazelton’s assignments of error are that the trial court erred: (1) in vacating the preliminary judgment rendered against the State, and the related judgment dismissing his rule to enforce compliance with the preliminary judgment; and (2) in failing to declare LSA-R.S. 23:1034 (A) and (B) unconstitutional. The State filed a motion to dismiss Hazelton’s appeal from the judgment which vacated Hazelton’s preliminary judgment against the State, and the judgment which denied Hazelton’s rule to compel the State to comply with the preliminary judgment. We affirm.
' FACTS
Hazelton brought this action against Floyd Soileau, Sheriff of Evangeline Parish (hereafter Sheriff Soileau), and the State of Louisiana, seeking worker’s compensation *395 benefits for a knee injury he sustained in the course and scope of his employment as a deputy sheriff.
Sheriff Soileau answered Hazelton’s petition, denying the allegations and filed a motion for summary judgment. That motion is still pending in the trial court and Sheriff Soileau is not a party to this appeal.
Since the State initially failed to answer Hazelton’s petition, he obtained a preliminary judgment on February 2, 1987, against the State pursuant to LSA-R.S. 23:1315 and 23:1316. On February 13, 1987, the State answered Hazelton’s petition, praying that the preliminary judgment be vacated. Subsequent thereto, Hazelton filed a rule nisi on February 23, 1987, for the State to show cause why it should not comply with the preliminary judgment rendered against it. On March 10, 1987, the State moved for judgment on the pleadings, and asked that the preliminary judgment be set aside.
In written reasons the trial court found that: (1) LSA-R.S. 23:1034 excepted deputy sheriff’s in all parishes other than criminal deputies from the Parish of Orleans from the benefits provided by the worker’s compensation statute; (2) under LSA-R.S. 42:1, Hazelton was a public officer, not an employee of the State; and (3) LSA-R.S. 23:1034 is constitutional. Accordingly, the trial court rendered three judgments which: (1)set aside the preliminary judgment against the State; (2) dismissed Hazelton’s rule to show cause why the State should not comply with the preliminary judgment against it; and (3) granted the State’s motion for judgment on the pleadings and dismissed Hazelton’s claim against the State.
INTERLOCUTORY JUDGMENTS
The State filed a motion in this court asking us to dismiss Hazelton’s appeal as it pertains to the trial court’s judgments vacating the preliminary judgment and dismissing his rule to compel the State to comply with the preliminary judgment. The State argues that these two judgments are inextricably interwoven and are interlocutory judgments which are not appeal-able. We agree.
There is a split among the circuits regarding the appealability of the preliminary judgment. The First and Fourth Circuits have stated that a preliminary judgment, whether interlocutory or not, is appealable pursuant to LSA-R.S. 23:1351. Flot v. Transp. Co., 533 So.2d 1235 (La.App. 1st Cir.1988); Braddy v. Triangle Timber, Inc., 345 So.2d 1252 (La.App. 1st Cir.1977); Sciortino v. Levitz Furniture Co., 375 So. 2d 1197 (La.App. 4th Cir.1979). However, the Third Circuit has ruled that a preliminary judgment was interlocutory and non-appealable. Poullard v. Aetna Cas. and Sur. Co., 504 So.2d 1182 (La.App. 3rd Cir. 1987); Vizina v. Industrial Indem. Co., 374 So.2d 753 (La.App. 3rd Cir.1979), writ denied, 376 So.2d 964 (La.1979).
Based on Poullard and Vizina, which came out of this circuit, we rule that the preliminary judgment is nonappealable. In Poullard we specifically held that the preliminary judgment in a worker’s compensation case is “in the nature of a preliminary assessment against the employer ... and is interlocutory in nature and unappealable” under LSA-C.C.P. Art. 2083. Therefore, we dismiss Hazelton’s appeal of the two judgments related to the entry of the preliminary judgment against the State.
CONSTITUTIONALITY OF LSA-R.S. 23:1034
Hazelton, relying on Phillips v. State, Through Dept. of Transp., 400 So.2d 1091 (La.App. 1st Cir.1981), writ denied, 401 So.2d 1195 (La.1981), contends that the trial court erred in failing to find LSA-R.S. 23:1034 unconstitutional. The same issues and arguments advanced by Hazelton were addressed by our Supreme Court in Parker v. Cappel, 500 So.2d 771 (La.1987), therefore, Parker is dispositive of the issues presented herein. In Parker the Supreme Court stated:
“The statute in question [LSA-R.S. 23:1034] is part of Louisiana’s workers’ compensation coverage scheme, generally, R.S. 23:1021, et seq. Sheriff’s deputies as a class are excluded from cover *396 age under the act, with one exception. Public officials and officers of the state and its political subdivisions are also excluded from coverage. However, 23:1034 C provides any political subdivision may provide workers’ compensation coverage for its officials, including sheriffs deputies, if it chooses to use its own funds. Thus, the act treats workers’ compensation for sheriff’s deputies as follows: Orleans Parish Criminal Sheriff’s Deputies are provided coverage; all other sheriff’s deputies are excluded from the state’s coverage and have workers’ compensation only if their respective parish provides it.
* * * # * #
In Kahl v. Baudoin, 449 So.2d 1334 (La. 1984), this Court held the state is a co-employer of sheriff’s deputies by reasons of its provision of supplemental pay to deputies. Subsequently, the legislature enacted paragraph D of 23:1034, which addresses the conclusion in Kahl that providing supplemental pay makes the state a co-employer. We conclude Kahl has been legislatively overruled. Paragraph D reads in pertinent part:'
‘The fact that the state may grant to an employee of a political subdivision any additional or supplemental pay or otherwise provide funds for the payment of such employee’s salary shall not make such employee, in whole or in part or in any way, an employee of the state.’
Paragraphs B and C of 23:1034 were similarly enacted to, apparently, override jurisprudence which sought to bring sheriff’s deputies into the state workers’ compensation scheme. Phillips v. State, Through Dept. of Transportation, 400 So.2d 1091 (La.App. 1st Cir.1981), held 23:1034, as then constituted, included sheriff’s deputies in state workers’ compensation coverage. In the next legislative session, Paragraphs B and C of 23:1034 were added and defined sheriff’s deputies as public officials and officers of their respective political subdivision, thereby exempting them from state coverage, and gave the political subdivisions the discretion to provide compensation coverage for both its officials and employees if the subdivision chose to use its own funds.
In Bazley [v. Tortorich, 397 So.2d 475 (La.1981)] and subsequent cases, we have observed that the legislature’s decisions on economic and social welfare and the preservation of the state’s fiscal resources, are decisions within the discretion of the legislative branch. While we might find the law(s) imperfect, we will not interfere with the legislative decisions, absent a clear violation of the state or federal constitutions. We have chosen to strike down legislative enactments only when the constitutional infirmity is compelling. See, e.g., Cross v. Alexander, et al., 498 So.2d 740 (La.1986).
[[Image here]]
While we might agree sheriff's deputies sorely need the protection workers’ compensation provides, we are loathe to rewrite the legislation judicially. We leave the Legislature to address the criticism. Absent that1 response, the parishes may provide their own workers’ compensation to sheriff’s deputies, whose salaries probably ill-afford coverage for work-related injuries.
* * # * * *
The State argues there are unique geographical, historical and population differences between Orleans and other parishes, and these differences justify exceptions in certain statutes. We agree and hold the act’s coverage of Orleans Parish Criminal Sheriff’s deputies is rational, recognizing the differences in functions and funding between that office and other sheriff's offices. The trial court’s finding of unconstitutionality failed to recognize these differences and failed to find the legislative scheme suitably furthers the appropriate state interest of providing a workers’ compensation coverage which is not drained by a class with heavy demands upon the state’s funds for such coverage.
The trial court struck down R.S. 23:1034 B as violative of the equal protection clause of our Constitution. Defendants’ *397 one assigned error addressed only that single holding. Plaintiff, however, argues the legislation is also a denial of substantive due process provided for by Art. 1, Sec. 2 of the Constitution. We do not find merit in plaintiff’s contention there is a deprivation of life, liberty, or property. Nor do we find the question of whether or not the State of Louisiana is a co-employer of deputy sheriffs to have any relevancy, considering the explicit language of the legislation which otherwise passes constitutional muster.” (Footnotes omitted.)
For the foregoing reasons, we dismiss Hazelton’s appeal from the two interlocutory judgments and affirm the trial court’s dismissal of his action against the State of Louisiana on a motion for judgment on the pleadings. All costs of this appeal are assessed to Harlan Hazelton.
APPEAL DISMISSED IN PART AND JUDGMENT OF THE TRIAL COURT AFFIRMED.